## S. D. HOUSTON JR. v. WILLIAM F. CLARK.

JOURNAL ENTRY—*Judgment*—*Sheriff's Deed Upheld Against Collateral Attack.* In an action where a journal entry shows that the plaintiff in the action "moves the court here to dismiss this action without prejudice to a future action, at cost of plaintiff, which is accordingly done," and afterward an execution is issued to recover the costs, and real estate of the plaintiff is levied upon and sold for that purpose, and the sale confirmed by the court, and a sheriff's deed executed, and the purchaser takes possession of the real estate, *held,* that such journal entry is a sufficient judgment when collaterally attacked to uphold the sheriff's deed and the other proceedings had under it.

### *Error from Cloud District Court.*

ACTION by *Clark* against *Houston* to quiet the title to certain lots in the city of Concordia. Trial by the court at the April Term, 1885, and judgment for plaintiff. The defendant brings the case to this court. The facts appear in the opinion.

*B. R. Anderson,* and *S. D. Houston jr.,* for plaintiff in error.

*Caldwell & Peterson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by William
F. Clark against S. D. Houston jr. to quiet the title to cer-
tain lots in the city of Concordia, Kansas.   The case was tried
before the court without a jury, and the court found generally
in favor of the plaintiff and against the defendant, and ren-
dered judgment accordingly.   The defendant brings the case
to this court for review.

It appears that the property in controversy belonged origin-
ally to the Concordia Town Association, and the plaintiff be-
low claims title under a sheriff's deed purporting to convey
the property from the association to Joseph S. Paradis, under
whom the plaintiff claims.   The defendant below claims title
under a quitclaim deed from S. D. Houston sr., who was a
member of the town association.   The principal question in-
volved in the case is, whether the above-named sheriff's deed
has any validity or not.   It appears that on April 25, 1876,
an action was pending in the district court of Cloud county,
in which action the Concordia Town Association was the plain-
tiff and E. H. Smith was the defendant.   On that day James
M. Hagaman, who was the president of the town association
and the attorney for it, procured a dismissal of the action at
the plaintiff's costs.   The journal entry of such dismissal
reads as follows:

"THE C. T. ASSOCIATION, *Plaintiff,* 
         v.
E. H. SMITH, *Defendant.*

"Now comes the plaintiff, C. T. Association, by J. M. Haga-
man, the attorney, and moves the court here to dismiss this
action, without prejudice to a future action, at cost of plain-
tiff; which is accordingly done."

This entry contains the judgment, and the only judgment,
if it may be called a judgment, authorizing the execution and
the sheriff's deed under which the plaintiff below claims.
After this judgment was rendered, an execution was issued
thereon, and the property in controversy was sold thereunder
to Joseph S. Paradis.   Afterward, and in August, 1877, the

Concordia Town Association, by J. M. Hagaman, its attorney, appeared in court and moved to set aside such sale, which motion was overruled, and then upon the motion of the defendant in that action, E. H. Smith, the court confirmed the sale. On August 20, 1877, J. M. Hagaman, as president of the town association, received from J. D. Wilson, the sheriff of Cloud county, $29.30, the remainder from the proceeds of the said sale, after paying the amount of the costs, and gave to the sheriff his receipt therefor. Afterward, and in November, 1877, the sheriff of Cloud county executed the aforesaid sheriff's deed to the said Paradis, which deed was recorded on November 9, 1877, and under which deed the plaintiff below now claims title.

The plaintiff in error, defendant below, claims that the foregoing judgment is void, and indeed no judgment at all; and in order to defeat the sheriff's deed, under which the plaintiff claims, it is necessary for him to make this claim; for a judgment merely irregular, defective, erroneous, or even voidable, may and generally will support a valid sheriff's deed where the judgment is attacked not directly but only collaterally, as in this case. Indeed, such a judgment cannot be successfully attacked collaterally. (Rorer on Judicial Sales, § 789.) Is the present judgment void? "A judgment is the final determination of the rights of the parties in an action." (Civil Code, § 395.) And a judgment is not merely what is entered, but it is what is ordered and adjudged by the court. (Freeman on Judgments, § 38, and cases there cited.) The dismissal of an action is, in contemplation of the civil code, a judgment. (Civil Code, art. 17, title, *Judgment*, and § 397.) And when the dismissal is "at cost of plaintiff," as in this case, it is a final determination with reference to the costs, as well as to the action itself, and is in effect an order and judgment that the plaintiff shall pay the costs. In the case of *Rogers v. Gosnell*, 51 Mo. 466, the judgment was "that the defendant go hence, and that he recover his costs." This was held by the supreme court of Missouri to be "not very formal or full," but still "substantially a good final judgment." In

the case of *Huntington v. Blakeney*, 1 Wash. Ter. 111, the judgment was: "The court orders that plaintiff pay the costs of suit, and that execution issue therefor." This was held to be a valid judgment. In the case of *Lind v. Adams*, 10 Iowa, 398, the court ordered a judgment on a promissory note, directing the clerk to compute the amount due. He made an entry, leaving a blank for the amount, which blank remained unfilled for fourteen months, when it was filled by the clerk in vacation. In this case it was held that the judgment was valid as against any collateral attack. In the case of *Linton v. Housh*, 4 Kas. 536, it was held that a judgment for "costs of suit, taxed at $—," (no amount being specified,) was a good and valid judgment, and regular even where it was attacked directly as on petition in error. In the case of *Clay v. Hildebrand*, 34 Kas. 695, it was held as follows:

"Wherever an entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and the other proceedings; and if with the light thus thrown upon such entry its obscurity is dispelled and its intended signification made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms."

In the present case the judgment in controversy was rendered April 25, 1876; the sheriff's deed was recorded November 9, 1877, and the plaintiff took possession of the property conveyed under the sheriff's deed. This action was commenced July 3, 1884; the defendant answered July 25, 1884; and the case was tried on June 8, 1885; and not until then and upon the trial was any question ever raised with regard to the validity of the judgment rendered on April 25, 1876. Of course the judgment is informal; but we think it is sufficiently valid to uphold the sheriff's deed, and it cannot be set aside or held for naught in this collateral proceeding.

The judgment of the court below will be affirmed.

All the Justices concurring.