## McAdams v. Latham.

No. 2080, Okla. T.   Opinion Filed June 24, 1908.

(96 Pac. 584.)

1.   JUDGMENT—Vacating at Same Term—Discretion of Court.   A trial court has a wide and extended discretion in modifying, vacating, or setting aside orders, judgments, or decrees made, entered, and rendered in its own court, when it does so at the same term at which such order, decree, or judgment was had.

2.   SAME—Jurisdiction at Subsequent Term.   After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same.

(Syllabus by the Court.)

*Error from Probate Court, Beaver County; H. D. Mees, Judge.*

Action by T. M. Latham against J. J. McAdams. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

On the 13th day of November, A. D. 1905, the defendant in error, as plaintiff, commenced, against the plaintiff in error, as

defendant, in the court below, this action for $148.50, balance due on a pasturage contract in writing, entered into originally between R. O. Oneal, through the defendant in error, as agent, and the plaintiff in error; said contract having been thereafter duly assigned to the defendant in error.

Plaintiff in his petition states that the defendant is a resident of Hardeman county, Tex., and is indebted to him in the sum of $148.50, balance due for the pasturage of certain cattle, under a contract made and dated in the county of Hutchinson, state of Texas, on the 12th day of August, 1904, and signed, "R. O. Oneal, by T. M. Latham, agent, and J. J. McAdams"; that the said contract was duly executed and delivered on said date at said place; that a copy of said contract is thereto attached as an exhibit, and made a part thereof. Plaintiff further states that he signed said contract as the agent of R. O. Oneal, but that, by an agreement with said R. O. Oneal, and by and with his consent, he, the said plaintiff, was and is the real party in interest, that said plaintiff has faithfully carried out all the provisions of said contract, and that he has received, in payment therefor, all of said money due on said contract; except a balance of $148.50, and that, since the expiration of said contract, and the notification of the defendant, by the plaintiff, of his readiness to deliver the cattle upon the payment, by said defendant, of the balance due on said contract, he has refused to do so, and that, also, for the care in furnishing a man to look after said cattle, there is a further sum due plaintiff of $30; the said amount, including the pasturage on said cattle, making a total sum due said plaintiff of $178.50. Said complaint was duly verified by said plaintiff.

On the 16th day of December, 1905, defendant appeared specially, and filed his demurrer and answer to said petition, demurring thereto on the ground: First, that the court had no jurisdiction of the person of the defendant, in that it appeared therefrom that the defendant was a nonresident of the territory of Oklahoma, and that he failed to show that the said property was located in the territory of Oklahoma; second, because the court

had no jurisdiction of the said cattle on which plaintiff sought to establish a lien, in that it did not appear from the allegations that said cattle were located within said territory, but that it did appear, from a copy of the contract attached to plaintiff's petition, that the cattle were located and situated in Hutchinson county, in the state of Texas, and that therefore said court was without jurisdiction; and third, because said petition did not state facts sufficient to constitute a cause of action. And further for answer defendant, reserving the rights under said demurrer, and appearing specially and solely for the purpose of said plea, alleged that he was a nonresident of the territory of Oklahoma, residing in Cottle county, state of Texas, and that he had no property situated, or debts owing to him, in the territory of Oklahoma; and further alleged that, in the event it happened that he had 18 head of cattle, in the possession of said plaintiff, located in the territory of Oklahoma, then he averred and charged that said plaintiff had stolen said cattle from him, and taken said cattle from the possession of the defendant in Hutchinson county, Tex., without the knowledge or consent of the defendant, and had driven same from the state of Texas into the territory of Oklahoma, for the fraudulent purpose of conferring jurisdiction on said court; and further that if defendant is mistaken in saying that plaintiff had stolen 18 head of cattle from the possession of the defendant in Texas, and driven said cattle into the territory of Oklahoma for the fraudulent purpose of conferring jurisdiction on said court, then defendant averred and charged that the plaintiff had stolen said cattle from Hutchinson county, Tex., and had driven them into the territory of Oklahoma for the purpose of appropriating said cattle to his own use and benefit, and for the purpose of depriving the defendant of the value thereof. The defendant further stated that if he be required to answer further, not waiving the demurrer and special plea to the jurisdiction of the court herein set forth, then he denies all and singular each and every allegation in plaintiff's petition contained; and further the defendant denied that he

had ever executed the contract attached to plaintiff's petition, form-ing the basis of said cause, in the manner and form alleged by plaintiff; and further denied that he had ever executed any sim-ilar contract, wherein plaintiff was the real party in interest; and further denied that he had ever executed any contract wherein he employed the plaintiff to do any service for him, and denied that plaintiff had ever performed any services for him, as alleged in said petition, or that, if plaintiff ever performed any service of any kind for defendant, then defendant avers that such service has been paid for in full, and that defendant is not indebted to plain-tiff in any amount whatever. The plea in answer of said defen-dant was duly verified.

Thereafter, on the 5th day of January, A. D. 1906, said case came on for hearing, and the plaintiff, T. M. Latham, appear-ed in person and by his attorney, M. G. Wiley, but the defendant, J. J. McAdams, failed to appear, either in person or by attorney. The plaintiff asked leave and was permitted by the court, to amend his petition by interlineation, as shown in the record, said amend-ment being made in the absence of the defendant, and without notice to the defendant, either verbal or written; said amendment by interlineation being in words and figures as follows: "The said cattle being now in Beaver county, Okla. T,"; and thereupon the following judgment was entered, to wit:

"Now on this 5th day of January, 1906, said cause coming on to be heard, and the defendant appearing not, the plaintiff having submitted evidence, and proving to the satisfaction of the court that the sum of $148.50 is due plaintiff from defendant, as prayed for in plaintiff's bill of particulars in said cause, it is hereby order-ed and adjudged by the court that plaintiff have judgment against the defendant for the sum of $148.50."

Thereafter, on the 12th day of January, 1906, the defen-dant filed what is termed in the record as a "motion for a new trial," in words and figures as follows, to wit:

"Comes now the defendant in the above-styled cause, and moves the court for a new trial therein, for the following reasons,

to wit: First, the defendant states that the reason this motion was not filed within the three days from the date of rendering said judgment is because the defendant had employed Duncan G. Smith to represent him therein, and that said Duncan G. Smith expected to be present at said trial, but on account of sickness of said Smith it was impossible for him, or the defendant, to be present, and that he was in a hospital in Chicago at the date of the rendering of said judgment; second, the defendant states that there were irregularities occurring at said trial, as follows: That the court continued the said cause from the 3d day of January, 1906, to the 5th day of January, 1906, without notice to this defendant, or his counsel, and without any showing being made by said plaintiff; that the court virtually sustained the demurrer of said defendant to the said petition of said plaintiff, and the plaintiff confessed the same by asking, and being granted, leave to amend his petition on January 6, 1906, by interlineation, by interlining as follows: 'And said cattle now being in Beaver county, Okl. T.'; that after allowing said amendment, the court rendered judgment by default against said defendant, and without giving defendant notice of such amendment, and without giving defendant time to answer to said petition as amended; that by reason of the foregoing facts, defendant was prevented from having a fair trial, and his substantial rights in the premises were thereby impaired."

Afterwards, on the 16th day of January, 1906, the following journal entry was entered:

"* * * The motion for a new trial therein, made by the said defendant, coming on to be heard, and said defendant, J. J. McAdams, appearing by his attorney, R. H. Loofbourrow, the said plaintiff appearing not, either in person or by attorney, though counsel for said plaintiff had been notified thereof, the court, after hearing the argument of counsel, and being fully advised in the premises, does find that the court erred in rendering judgment therein in favor of the plaintiff and against defendant, in this, to wit: That plaintiff was permitted to amend his petition, without notice to the defendant on the 5th day of January, A. D. 1906, and to take judgment thereon by default, and without notice to the said defendant on the same day; that the rights of said defendant were materially prejudiced thereby, and that he is entitled, by the reasons stated, to a new trial. It is therefore

ordered, adjudged, and considered that judgment heretofore entered in said cause be set aside, and a new trial granted, as prayed for in said defendant's motion."

Said cause was thereupon set for trial at the regular March term, and was, from time to time, continued by agreement of counsel, for both plaintiff and defendant, until the 1st day of May, 1906, at which time said cause came on for hearing, and thereupon the plaintiff filed the following motion:

"Now comes the plaintiff in the above-styled cause, and appearing for the purpose of this motion only, and moves the court to set aside the order granting a new trial in the said above-entitled cause, for the reason that the court's action in granting said order upon the motion of the defendant was without warrant of law, and contrary to the statute; and further that the said motion was not filed within the statutory time of three days; and further that none of the statutory grounds for a new trial are set forth in defendant's motion; and further that it is not corroborated, by the affidavits of any witnesses, as to the facts upon which the motion for a new trial was petitioned and granted; further that said motion does not set up any showing of diligence upon the part of the defendant, or that he has complied or attempted to comply with the requirements of law, and for the further reason that when the case was originally set for hearing the defendant defaulted, neither appearing in person nor by attorney, and that the statements made therefor are not under oath, and that there is no showing that the defendant or his witnesses could not have been present, or that he could not have been represented by another counsel; further that no due and proper notice was served on the plaintiff within the time prescribed by law, giving him an opportunity to argue or reply to said motion; further that all of the facts set up in said motion were fully known to defendant at the time of the former trial; and that he rested upon his rights and wholly defaulted, for which default the plaintiff cannot be made to suffer; and further that, if irregularities occurred, as complained of in the motion of defendant, when he appeared for the purpose of said motion, they were in the court, and under the statute he should have taken advantage of such irregularities, and filed his motion within the statutory time."

On said date said motion came on for hearing, and was sustained by the court, to which ruling the defendant then and there excepted and prayed an appeal to the Supreme Court of the territory of Oklahoma, and said cause is now properly before this court for review.

*Duncan G. Smith, R. H. Loofbourrow,* and *Shartel, Keaton & Wells,* for plaintiff in error.
*Wiley & Whitaker,* for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). The only question to be determined is whether or not the probate court of Beaver county, at its May term in 1906, erred in sustaining the motion of the defendant in error to set aside the order, made and entered at the January term, A. D. 1906, of said court granting a new trial.

In the case of *Hemme v. School District Number 4,* 30 Kan. 377, 1 Pac. 104, Mr. Justice Valentine, speaking for the Supreme Court of the state of Kansas, said:

"It will be remembered that the original motion for the new trial was filed at the term at which the original trial was had and the original judgment rendered, and the motion was made upon grounds authorized by the statute. Civ. Code, § 306, subd. 3; section 568, subd. 7. It is claimed, however, by the plaintiff that the motion was not filed within the proper time. Now it is true that the motion was not filed within three days after the decision of the court; but still the defendant attempted to show, and the court evidently found the showing sufficient, that the defendant was unavoidably prevented from making an appearance on the day of trial and defending the action, or from filing its motion for a new trial at an earlier date than it did file the same. We think this is sufficient. Civ. Code, § 308. The motion would have also been sufficient under subdivision 7, § 563 of the Civil Code, if it had been put in the form of a petition; but, as it was made at the same term of the court, and so soon after the trial, and as the plaintiff had as ample opportunity to defend against the facts set up in the motion and set up in the defendant's affidavits as he would have had if the facts had been

set forth in a petition, probably the fact that the application was in the form of a motion, and not in the form of a petition, is not very material. Upon the whole, we think the ruling of the district court upon the motion should be sustained. *It must be remembered that a trial court, for the purpose of administering justice, has a very wide and extended discretion in setting aside or modifying proceedings had in its own court, if it does so at the same term at which such proceedings were had.* In the present case we cannot say that the district court abused its discretion, or erred so materially as to require a reversal of its order granting a new trial."

In the case of *Alliance Trust Co. v. Barrett et al.*, 6 Kan. App. 689, 50 Pac. 465, Mr. Justice Schoonover, speaking for the Court of Appeals of Kansas, said:

" 'A trial court has a very wide and extended discretion in setting aside and modifying proceedings had in its own court if it does so at the same term at which the proceedings were had' (*Hemme v. School District,* 30 Kan. 337, 1 Pac. 104), but after final judgment has been rendered, and the term expires, there must be a substantial compliance with the statute to give the court further jurisdiction.   *   *   *"

Under the foregoing the probate court of Beaver county unquestionably had the power to set aside, at the same term, the judgment rendered at its January term, 1906. The journal entry setting aside such judgment recites:

"*   *   * The plaintiff appearing not, either in person or by attorney, though counsel for said plaintiff had been notified thereof, the court, after hearing the argument of counsel, and being fully advised in the premises, does find that the court erred in rendering judgment therein in favor of the plaintiff and against defendant, in this, to wit: That plaintiff was permitted to amend his petition, without notice to the defendant, on the 5th day of January, A. D. 1906, and to take judgment thereon by default, and without notice to the said defendant on the same day, that the rights of the said defendant were materially prejudiced thereby, and that he is entitled, for the reasons stated, to a new trial."

In said motion to set aside said order granting a new trial,

filed at the May term of said court, it nowhere alleges that said recital in the journal entry that the counsel for the plaintiff had been notified thereof was not true, but states that no "due and proper notice" was served on the defendant within the time prescribed by law, giving him an opportunity to argue or reply to said motion. The presumption is that said recital is true, especially in that said plaintiff fails to allege, in his motion to vacate, that the same is not true. Plaintiff had the right to appeal from said order granting a new trial, but he failed to do so, and, thereafter, said case being set for trial at the regular March term, 1906, was from time to time continued, by agreement of both plaintiff and defendant. The plaintiff failing to appeal from the order granting a new trial, after the expiration of the term at which final judgment was rendered, there must be a substantial compliance with the statute to give the court further jurisdiction to modify, vacate, or set aside any judgment rendered at a preceding term.

Section 4497, Wilson's Rev. & Ann. St. 1903 (section 299, Civ. Code), provides that:

"Where the grounds for a new trial could not, with reasonable diligence, have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, the application may be made by petition, filed as in other cases, not later than the second term after discovery; on which a summons shall issue, be returnable and served, cr publication made as prescribed in section eighty. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

This section has no application to the case at bar.

Section 4760, Wilson's Rev. & Ann. St. 1903 (section 562, Civ. Code), provides that:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: First, by granting a new trial for the cause, within the time and in the manner prescribed in section two hundred and ninety-nine (*supra*). Second, by a new trial granted in proceedings against defendants constructively summoned, as provided in section seventy-eight. Third, for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order. Fourth, for fraud, practiced by the successful party in ·obtaining the judgment or order. Fifth, for erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. Sixth, for the death of one of the parties before the judgment in the action. Seventh, for unavoidable casualty or misfortune, preventing the party from prosecuting or defending. Eighth, for errors in a judgment, shown by an infant in. twelve months after arriving at full age, as prescribed in section four hundred and four. Ninth, for taking judgments upon warrants of attorneys for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

Plaintiff does not come within any of these provisions. The court below having the power, within a reasonable discretion, to grant a new trial, subject to the right of the plaintiff to appeal therefrom and to have the action of the trial court thereon reviewed, it is not necessary for us to determine whether or not the trial court properly granted said new trial, because it was not brought before us for review. Orders granting new trials should never be disturbed by appellate courts, except where the lower court has abused his discretion in granting the same. The trial courts, after judgments or decrees or orders have once become final, and the term at which the same was rendered or entered has expired, should be very slow to vacate such judgments, decrees, or orders, especially when the party seeking such action has failed to avail himself of the right to have such action

reviewed by the appellate court. Such judgments, decrees, or orders should never be vacated, except where the party seeking such vacation has complied substantially with the provisions of the law provided for the same.

The judgment of the lower court is reversed and remanded, with instructions to proceed in accordance with this opinion.

All the Justices concur.