H. E. FISHER, *Appellant,* v. LEW MONTGOMERY et al.
and ODELL TOWNSHIP, *Appellees.*

No. 17,752.

SYLLABUS BY THE COURT.

1. STIPULATION — *Judgment of Dismissal — Vacated without
Cause—Error.* A landowner claiming that he had been dam-
aged by overflow caused by a certain ditch, sued the township,
the trustee, the road overseer and an adjoining landowner to
recover damages and for prohibitory and mandatory injunc-
tions. Thereafter the parties agreed upon a settlement of the
entire controversy, and embodied their agreement in a written
stipulation providing, among other things, that the action
should be dismissed. In pursuance of such stipulation the
court entered a judgment of dismissal, the journal entry being
approved by counsel. Thereafter the defendants presented a
motion to set aside the judgment, the grounds being that the
stipulation was made without the knowledge of the township
board, and was made improvidently and was highly preju-
dicial to the interests of the township and the highway in-
volved. Over the objections of the plaintiff, and without evi-
dence or showing, the judgment was set aside. *Held,* error.

2. ——— *Same.* The civil code (§ 596) authorizes the vacation
of a judgment at or after the term, but only upon grounds
therein expressly mentioned.

Appeal from Harper district court. Opinion filed
July 6, 1912. Reversed.

*E. C. Wilcox,* of Anthony, for the appellant.

*George E. McMahon,* of Anthony, for the appellees.

The opinion of the court was delivered by

WEST, J.: On March 21, 1910, plaintiff sued the de-
fendants to recover $1000 damages and to enjoin them
from maintaining a certain ditch, embankment and
obstruction to an alleged natural watercourse. De-
fendant Drauhard was township trustee, Montgomery
was road overseer and had charge of the roads in con-
troversy, and Horton was the owner of certain land
involved. It was alleged that the plaintiff was the owner

of the southwest quarter of section 1, that Horton was the owner of the land south thereof, a highway running east and west between the two tracts, and also another along the west boundaries of both, making four corners at the southwest corner of plaintiff's land; that a certain stream or channel crossed the north-and-south highway last mentioned and that a culvert had been cut across the road for the purpose of carrying off accumulating water and emptying the same on section 12; that in the spring of 1907 Drauhard, township trustee, by and with the consent of the other members of the board together with the assistance of Horton, destroyed this culvert and built a tall embankment and dam and ditch along and in the highway and constructed a culvert diagonally across the highway from section 11 to section 1, whereby the water that flowed from all the land that sloped in that direction was accumulated above the dam and conveyed by the ditch to the southwest corner of plaintiff's land, and that the defendants pretended to dig a ditch along the south side of plaintiff's land to release the water into a certain creek, such ditch being entirely insufficient. It was further alleged that this action on the part of the defendants had destroyed certain alfalfa of the plaintiff and damaged a portion of his land, the prayer being for $1000 damages and an injunction from maintaining such ditch, embankments and obstruction and from putting in any other culvert, and a mandatory injunction requiring them to open the one formerly used. After the issuance of a restraining order the parties entered into a stipulation by which the plaintiff agreed to dismiss his action, the township agreed to pay all the costs and each party agreed to pay his own attorney's fees, the plaintiff to abandon all claims for damages; the township to construct and maintain a good culvert so as to prevent the flooding of plaintiff's land, Horton to dedicate to the township for road purposes a strip of land sixteen feet wide extending from the

northwest corner of the northwest quarter of section 12 to a certain creek and to remove his fence back along such strip, for a ditch and a dike sufficient to take care of all ordinary flood waters. The township agreed that as soon as practicable after constructing such culvert, ditch and dikes, to remove and cease to maintain the one complained of. The stipulation was signed by the plaintiff and Horton and by Drauhard as trustee and approved by counsel.

On April 20, 1910, in conformity with such stipulation a judgment was rendered "that pursuant to said stipulation and the fulfillment of the same as set out and shown by the memorandum filed herein, that said action be and is hereby dismissed at the costs of Odell Township." This journal entry was approved by the attorneys. On May 2, 1910, the defendants moved to set aside the judgment on the grounds that the stipulation was made without the knowledge or authority of the township board, and improvidently, and that it was highly prejudicial to the interests of the township and the highway involved in the petition. Without any evidence and over the objection of the plaintiff, the case was reinstated for hearing at the following September term of court. The plaintiff requested that special findings be made "as to whether or not it is decided to set aside the stipulation made by the parties to this action, or whether the township trustee had any authority to enter into the same," but such findings were not made. On September 10 the defendants filed an answer admitting the organization of the township, the official capacity of Montgomery and Drauhard, and alleged that the embankment, culvert and ditch complained of were made with the knowledge, consent, approbation and assistance of plaintiff, that plaintiff accumulated a large amount of surface water and threw it in a body into the ditch, and that the injury could not be apportioned between him and the defendants. The

44—87 KAN.

reply was a general denial. After a trial was had, in which a demand for a jury was denied the plaintiff, the court was requested to make twelve findings of fact, all of which were refused except the eleventh and twelfth, and the court concluded as a matter of law that as the plaintiff was a party to the original agreement and contributed to the work of putting the ditch where it was first located and worked upon it afterwards he was too late to ask relief from a court of equity, and taxed the costs to him.

The plaintiff assigns various errors alleged to have occurred upon the trial, and also complains of the action of the court in setting aside the judgment of April 20, 1910. The defendants argue that the stipulation was not binding, although signed by the township trustee, and suggest that even the entire township board could not have bound the township by such agreement. The statute provides that the duties of the township trustee shall be, among other things:

"*Fourth.* To have the care and management of all property, real and personal, belonging to his township, and to superintend the various interests thereof." (Gen. Stat. 1909, § 9584.)

Section 9587 requires him to report to the board of county commissioners annually the affairs of the township for the preceding year, stating in detail the items of account audited and allowed, the nature of each account, and the name of each person to whom such account was allowed. Section 9588 provides that in addition to the duties then (1871) prescribed by law "the township trustee shall have the custody and disposition of the property of his township, and shall on going out of office take from his successor in office a receipt," etc. By the act of 1885 (Gen. Stat. 1909, §§ 9629-9636) the township board constitutes a board of commissioners of highways of which the trustee is the chairman, it being their duty to keep the roads and bridges of their respective townships in repair and improve

them as far as practicable. This act authorizes them to employ a general superintendent, let contracts, appoint overseers, employ laborers, etc., but the power to let contracts and purchase tools, machinery or material can only be exercised by the board at an authorized meeting. In view of these statutes, which were in force at the time covered by the record, it would seem that the township trustee who, with his township, had been sued both for injunction and for $1000 damages, on his own behalf and on behalf of the township might properly stipulate to end the litigation without the recovery of any damages by making certain changes in the ditches set forth in the agreement. Such stipulation appears to have been made upon due consideration and to have met the approval of counsel for all the parties, and to have been followed by a dismissal of the cause in accordance therewith. To set aside the judgment was in effect to avoid the stipulation and we can not discover what power the trial court had to make the order without any showing of fraud or collusion, but merely upon the request of the defendants. What appeared to be a complicated local controversy seems to have been amicably adjusted by all concerned on terms apparently fair and reasonable. The township was a party to the stipulation and by its managing officer signed it, and although the motion of defendants to set it aside alleged that it was improvidently made and was highly prejudicial to the interests of the township, we can not understand how the township itself, the trustee and road overseer as well as the adjoining landowners, could well make this allegation within a few days after having signed such a stipulation, and it is still more difficult to see how the mere allegation unsupported by any proof whatever could justify absolving the parties from their stipulation and setting aside a judgment which had been entered in pursuance thereof. The code (§ 596) authorizes the vacating of a judgment at or after the term, but only upon grounds

expressly mentioned (*Vail v. School District,* 86 Kan. 808, 122 Pac. 885; 23 Cyc. 889-896). But we know of no statute or authority by which a stipulation can be set aside save for some sufficient reason alleged and admitted or proved.

The order setting aside the judgment is reversed.