McKEE v. HOWARD *et al.*

No. 2663.   Opinion Filed July 8, 1913.

(134 Pac. 44.)

**NEW TRIAL—Denial—Motion to Vacate—Refusal.** Where, after the expiration of the term, a motion is made to set aside an order overruling a motion for a new trial on the ground of unavoidable casualty, which does not substantially comply with the provisions of section 6096. Comp. Laws 1909 (Rev. Laws 1910, sec. 5269), **held** that the trial court did not err in refusing to vacate said order overruling the motion for a new trial.

(Syllabus by the Court.)

*Error from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

Action by W. R. McKee against Benjamin Howard and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*J. Riley League* and *Chas. L. Moore,* for plaintiff in error. *Hainer, Bush & Moss,* for defendants in error.

TURNER, J. This is an appeal from the county court of Tulsa county. The record discloses that on February 23, 1909, W. R. McKee, plaintiff in error, hereafter called plaintiff, sold and delivered to Benjamin Howard certain personal property to the amount of $286, taking his note therefor, signed by himself and R. S. Smith, said note being secured by a mortgage on the property; that when said note became due, being unpaid except a small credit of $27, plaintiff took possession of the property covered by the mortgage, caused it to be sold at public auction, and applied the proceeds of the sale on the note; that the mortgage in question covered a crop of cotton raised by said Howard; that the cotton was sold to the Sapulpa Cotton Company of Sapulpa by Howard, with directions to pay to State Bank of Keystone "all money

you have on hand belonging to me as the proceeds of cotton delivered to you by me, to be applied on note and mortgage held by W. R. McKee, due October 1, 1909, mortgage covering cotton, horses, cow, wagon, and planter"; that said Cotton Company, in carrying out said instructions, wrote the State Bank of Keystone as follows: "I am inclosing herewith checks Nos. 110, 111, 168, and 169, being for $59.34, $49.22, $54.52, and $75.83, respectively, total, $238.91, to be applied as follows: $179.18 to be applied on one certain mortgage given to W. R. McKee by Ben Howard, due October 1, 1909, being for the sum of $286, said mortgage covering corn and cotton crop, and team of horses, wagon, and planter, the balance being $59.73 to be placed to the credit of W. R. McKee"; that, in disregard of these instructions, said bank turned the money over to Wrightsman, Bush & Johnson, whereupon plaintiff brought this suit.

. Defendants admitted the execution of the note, as pleaded, but allege "that $58 was placed in said note by the plaintiff herein as interest" on the principal of $228.50 for a period of nine months, and allege that it "is more than allowed by the laws of the state of Oklahoma, and is usurious," and, by way of counterclaim, allege that they have been damaged by the acts of the plaintiff in the sum of $558.45, and pray for judgment in that amount. Upon the issues joined there was trial to a jury, and judgment for Howard for $270, and defendants for costs. Plaintiff filed a motion for a new trial, which was considered and overruled in his absence on the last day of the term, and no exceptions saved. At the succeeding term plaintiff filed a motion to set aside the order overruling the motion for a new trial and that he be permitted to save an exception to the ruling of the court thereon; whereupon the court refused to set aside the order overruling the motion for a new trial, but modified that order "by permitting the plaintiff to take an exception to the said ruling on the motion for a new trial and to pray an appeal to the Supreme

Court," which he did, and here complains, among other things, of the action of the trial court in refusing to vacate said order overruling his motion for a new trial. The action of the court in so doing must be sustained. This for the reason that the record discloses that plaintiff did not bring himself within the terms of the statute (Comp. Laws 1909, secs. 6094, 6095; Rev. Laws 1910, secs. 5267, 5268) in his attempt to move the court to set aside said order on the ground of unavoidable casualty, and hence the court did not err in refusing so to do, and in effect holding that the statute had not been complied with. The motion in question is as follows:

### MOTION TO SET ASIDE.

"Comes now the plaintiff and moves the court to set aside the order made by the court herein on the 31st day of December, 1910, overruling the plaintiff's motion for a new trial for the following reasons: (1) Said motion was specially set forth for hearing on the 4th day of January, 1911, as will more fully appear by the printed assignment of motions and trials, which is hereto attached and made a part hereof and marked 'Exhibit A.' (2) That at the time said motion was heard D. B. Crewson, principal attorney for the plaintiff, was sick with typhoid fever, and was unable by reason thereof to attend court at the time, and that E. G. Wilson, who was assistant counsel in said cause on the trial thereof, was at the time of the overruling of said motion in court at Guthrie, Okla., and had no notice or knowledge that said motion was to be called on that day. All of which more fully appears by the affidavit of D. B. Crewson hereto attached and marked 'Exhibit B,' the certificate and affidavit of the physicians who attended said D. B. Crewson during his sickness, which is hereto attached and marked 'Exhibit C,' and the affidavit of E. G. Wilson hereto attached and marked 'Exhibit D.' Wherefore the plaintiff prays that said order of the court overruling said motion for a new trial be set aside, and that said motion for a new trial be reinstated. D. B. Crewson, Attorney for Plaintiff."

Counsel for plaintiff in error contend that this is a substantial compliance with section 6096, Comp. Laws 1909

(Rev. Laws 1910, sec. 5269), *supra.* Not so. This for the reason that the "petition" is not "verified" by plaintiff, nor does it set forth the order sought to be vacated as thereby required.

In *Hill v. Williams,* 6 Kan. 17, the court, speaking of a petition filed under said statute, says: "A petition which does not comply with the statute in setting forth each of these requisites is insufficient." In *McAdams v. Latham,* 21 Okla. 511, 96 Pac. 584, the question was whether the probate court of Beaver county, at its May term, 1906, erred in sustaining the motion of defendant to set aside an order made and entered at the January term, 1906, of said court, granting a motion for a new trial. This court held that it did, and in the syllabus said:

"After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same."

As there was not substantial compliance with the terms of the statute, the judgment sought to be reviewed is affirmed.

HAYES, C. J., and KANE, J., concur; WILLIAMS and DUNN, JJ., absent and not participating.