CROWLEY-SOUTHERLAND COMMISSION CO. *et al.* v.
HUSBAND.

No. 3100.    Opinion Filed May 12, 1914.

(140 Pac. 1144.)

**JUDGMENT** — Vacation — Petition—Verification. In proceeding under
section 4466, St. Okla. 1893 (section 5269, Rev. Laws 1910), to
vacate a judgment, the petition therefor is insufficient when
neither verified by the petitioner nor, as authorized by section
3992, St. Okla. 1893 (section 4765, Rev. Laws 1910), by his agent
or attorney.

(Syllabus by Thacker, C.)

*Error from County Court, Coal County;*
*R. H. Wells, Judge.*

Action by J. W. Husband against the Crowley-Southerland
Commission Company and J. C. Campbell, resulting in dismissal
as to said Commission Company and judgment by default against
Campbell, followed by petition by Campbell to vacate and set
aside judgment, which petition the trial court overruled, from
which Campbell brings error. Affirmed.

*Fooshee & Brunson,* for plaintiff in error.

*Charles T. Gibson,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error, Campbell,
will be designated as defendant, and defendant in error as plain-
tiff, in accord with their respective titles in the trial court.

This is an appeal from the action of the county court over-
ruling petition of this defendant to vacate and set aside judg-
ment by default in favor of plaintiff theretofore rendered by
said court against him.

The petition to vacate said judgment is signed, "J. C. Camp-
bell, Defendant, by Fooshee & Brunson, his Attys.," and the
verification of same, while naming J. C. Campbell as the affiant
in the body thereof, is signed "D. D. Brunson," without explana-
tion as to why same is so signed.

Section 4466, St. Okla. 1893 (section 5269, Rev. Laws 1910), under which this proceeding is brought, provides that such proceedings "shall be by petition, verified by affidavit," which we construe to mean that same shall be verified by the affidavit of the party petitioning, or by his agent or attorney, as provided in section 3992, St. Okla. 1893 (section 4765, Rev. Laws 1910). Said section 3992 reads as follows:

"Where the affidavit is made by the agent or attorney, it must set forth the reason why it is not made by the party himself. It can be made by the agent or attorney only: First, when the facts are within the personal knowledge of the agent or attorney. Second, when the plaintiff is an infant, or of unsound mind, or imprisoned. Third. When the pleading to be verified is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney. Fourth, when the party is not a resident of, or is absent from the county."

The petition in this case seems insufficiently verified to warrant an examination into the facts therein alleged as grounds for vacating and setting aside the judgment.

In the case of McAdams v. Latham, 21 Okla. 511, 96 Pac. 584, referring to the provisions of the statute under which this action is brought, it is said:

"Judgments, decrees, or orders should never be vacated, except where the party  *. *  *  has complied substantially with the provisions of the law provided for the same."

In our opinion the judgment of the trial court should be affirmed.

By the Court: It is so ordered.