## ROLLOW v. FROST & SADDLER *et al.*

No. 4974.  Opinion Filed January 11, 1916.

(154 Pac. 542.)

1. **DISMISSAL AND NONSUIT—Voluntary—Setting Aside and Reinstatement—Jurisdiction—Compliance With Statute—"Judgment or Order."** Where one brings an action in the district court to quiet title to certain real estate, seeking the cancellation of his conveyance of the same, and while a demurrer is pending to his petition, said action is dismissed by the court on his application at his cost, such dismissal is a judgment or order within the purview of section 5267, Rev. Laws 1910 (section 6094, Comp. Laws 1909); such court is without jurisdiction at a subsequent term to vacate such a judgment or order and reinstate said cause, under subdivision 3 of said section, without a substantial compliance. with section 5268, Rev. Laws 1910 (section 6095, Comp. Laws 1909).

2. **SAME.** Where such court, at a subsequent term, makes an attempted order vacating such judgment or order and reinstates said cause, over the objection of the adverse party, and without a written motion or application and reasonable notice to the adverse party, held, not a substantial compliance with section 5268, Rev. Laws 1910, and the order is therefore a nullity.

3. **VENDOR AND PURCHASER—Record of Mortgage—Actual Knowledge—Questions for Jury.** Evidence, as between the mort-

gagees and a subsequent purchaser, examined, and **held** to fully sustain the judgment of the trial court.

(Syllabus by Dudley, C.)

*Error from District Court, Garvin County;*
*R. C. Allen, Assigned Judge.*

Action by Frost & Saddler, a copartnership composed of N. B. Frost and another, against Robert Dyer and others. Judgment for plaintiffs, and defendant J. A. Rollow brings error. Affirmed in part, and reversed and remanded in part.

*J. B. Thompson,* for plaintiff in error.

*Blanton & Andrews,* for defendant in error Frost & Saddler.

*Carr & Field,* for defendant in error Dyer.

Opinion by DUDLEY, C. This is an appeal from the district court of Garvin county. On April 28, 1909, the defendant in error Robert Dyer commenced an action in said court against the plaintiff in error, Rollow, being case No. 331, to quiet title to 40 acres of land situated in said county, constituting his allotment, by the cancellation of a deed executed by him and his wife to Rollow on January 29, 1909. In May following Rollow filed a general demurrer to Dyer's petition. Following this, and on April 28, 1911, at a special term of said court, said cause was dismissed, at the cost of Dyer, the plaintiff therein. The dismissal, omitting the caption, is as follows:

"Comes now R. T. Jones, attorney for plaintiff in this cause, and asks the court to have an order of dismissal entered in the above-styled cause, dismissing the same at plaintiff's costs. And, the court being fully advised, it is ordered that said cause be and the same hereby is dismissed, at cost of plaintiff."

Prior to the making of this order, and on April 4, 1911, the defendants in error Frost & Saddler, a copartnership, commenced an action in said court against Dyer and wife, the plaintiff in error, Rollow, and others, being case No. 873, to recover the amount claimed to be due upon a promissory note of $219.98, and to foreclose a mortgage securing the same, covering said real estate, executed by Dyer and wife to them on December 5, 1908, due February 1, 1909. Personal service of summons was had upon Dyer and wife, and they made default. Rollow filed an answer and cross-petition in said case, claiming to be the owner of the mortgaged premises, and seeking to have said mortgage canceled and removed, as a cloud upon his title. To this answer and cross-petition the plaintiffs, Frost & Saddler, replied. On January 30, 1912, and at a subsequent term of said court, an order was made, over the objection of Rollow, reinstating case No. 331 and consolidating the same with case No. 873. The portion of said order reinstating said case and consolidating the same with case No. 873, necessary to be considered, is as follows:

"On the 30th day of January, 1912, came on to be heard the above cause, and all parties agreeing that said cause should be continued for the term, and it further being the agreement of the plaintiffs and the several defendants, except John Rollow, that the case of Robert Dyer *et al.* v. J. A. Rollow, No. 331, should be consolidated with this case, and that all the matters in controversy in both suits should be litigated in this suit; and it further appearing that said suit No. 331 had been erroneously discussed at a further term of this court, the same is upon the motion of the plaintiffs in said suit hereby reinstated, and as above stated consolidated with this cause. It is therefore ordered that both of said cases be

consolidated and continued until the next term of this court."

Rollow saved timely exceptions to the action of the trial court in reinstating said cause and consolidating the same with case No. 873. Dyer filed no written motion or application to have said cause reinstated, but the same was reinstated upon his oral application, without notice to Rollow or his attorney of record. Rollow's attorney, however, was present in court when the order was made, and objected to the making thereof. In October, 1912, said consolidated cases were tried, resulting in a judgment: (1) In favor of Frost & Saddler for the amount due upon said note and the foreclosure of said mortgage upon said real estate; and (2) in favor of Dyer canceling the deed made by him and his wife to Rollow. From this judgment, Rollow has appealed.

It is first contended that the trial court committed prejudicial error in making the order of January 30, 1912, in effect vacating the order of dismissal of April 28, 1911, in case No. 331, and reinstating the same, for the reason that the statute (sections 5267, 5268, Rev. Laws 1910; sections 6094, 6095, Comp. Laws 1909), prescribing the grounds upon which and the manner in which district courts may vacate or modify their own judgments and orders, at a subsequent term, was not substantially complied with, and therefore the pretended order reinstating said case was a nullity. In determining this question two propositions present themselves: (1) Is the entry of April 28, 1911, a judgment or order within the purview of section 5267, *supra,* and (2) if so, was there a substantial compliance with section 5268, *supra,* in making the order of January 30, 1912, vacating the

judgment or order of April 28, 1911, and reinstating said cause?

Section 5267, *supra,* in part provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

"First. By granting a new trial for the cause, within the time and in the manner prescribed in section 5035.

"Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in section 4728:

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order. * * *"

It is claimed that the entry of April 28, 1911, was made by the clerk through mistake, and, if it is a judgment or order, the district court had the power to vacate the same, under subdivision 3 of the above section. Said entry is in effect a dismissal of said action by the court, upon the application of the plaintiff therein, at his cost. This order effectually dismisses and disposes of that case, and is a judgment or order, within the purview of said section. 1 Black on Judgments (2d Ed.) sec. 21; *Houston v. Clark,* 36 Kan. 412, 13 Pac. 739; *Brown et al. v. Kirkbride,* 19 Kan. 588; *Dahler v. Steele,* 1 Mont. 206; *Harjo v. Black et al.,* 49 Okla. 566, 153 Pac. 1137. Mr. Justice Sharp, speaking for the court in the case last cited, discussing the question of the power of the court to set aside orders of dismissal, said:

"The authority of the court, generally speaking, to set aside orders of dismissal does not differ from that to set aside other orders or judgments."

In this case the plaintiffs dismissed the action, without an order of the court. There can be no doubt but that the entry of April 28, 1911, was a judgment or order, within the purview of section 5267, *supra.*

The rule is well settled in this state that a trial court has a wide and extended discretion in modifying, vacating; or setting aside orders or judgments made, rendered, and entered in its own court, when it does so at the same term at which such order or judgment was made and entered; but after the term expires there must be a substantial compliance with the terms of the statute, in order to give the court further jurisdiction. *McAdams v. Latham,* 21 Okla. 511, 96 Pac. 584; *McKee v. Howard et al.,* 38 Okla. 422, 134 Pac. 44; *Crowley-Southerland Commission Co. et al. v. Husband,* 42 Okla. 77, 140 Pac. 1144; *Jenkins v. Brown et al.,* 46 Okla. 132, 148 Pac. 697; *Hawkins v. Hawkins,* 52 Okla. 786, 153 Pac. 844. See, also, *Alliance Trust Co. v. Barrett et al.,* 6 Kan. App. 689, 50 Pac. 465; *Fisher v. Montgomery et al.,* 87 Kan. 687, 125 Pac. 61. Measured by this rule, was there a substantial compliance with section 5268, *supra,* in making the order of January 30, 1912? We think not. This section provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

There was no motion filed by the plaintiff, neither was there any notice given to the adverse party, or his attorney of record. In the absence of these two pre-

requisites neither of which was waived, it certainly cannot be said that there was a substantial compliance with the foregoing statute. *McKee v. Howard, supra; Jenkins v. Brown et al., supra; Hawkins v. Hawkins, supra; Alliance Trust Co. v. Barrett, supra; Harding v. Gillett,* 25 Okla. 199, 107 Pac. 665; 23 Cyc. 952; *Jenkins v. Corwin,* 55 Ind. 21; 1 Black on Judgments (2d Ed.) sec. 346. We therefore conclude that the pretended order. of January 30, 1912, was a nullity.

Having reached this conclusion, it is not necessary to determine the question as to whether or not the two actions could properly be consolidated.

The remaining question to be determined is the correctness of the judgment of the trial court in favor of defendants in error Frost & Saddler, foreclosing their mortgage upon said real estate as against the plaintiff in error. Said mortgage was executed on December 5, 1908, and recorded on December 14, 1908. The deed under which Rollow claims was executed on January 29, 1909, and recorded on the following day. Rollow seeks to have said mortgage canceled and removed as a cloud upon his title, claiming that he did not know nor have any knowledge of its existence at the time he procured his deed, and that the original mortgage did not bear the notary's seal and was not entitled to record, and was therefore not constructive notice to him. The original mortgage as introduced in evidence bears the nortary's seal, but the mortgage as recorded does not show the seal. There is a conflict in the evidence as to whether or not the original mortgage bore the notary's seal. This controverted question of fact was determined adversely to the plaintiff in error. Aside from this fact, there is evidence reasonably tending to show that plaintiff in error had actual knowl-

edge of the existence of the mortgage at the time he procured his deed; and, if this is true, the question of the notary's seal becomes immaterial. Section 1195, Comp. Laws 1909. This question of fact was likewise determined adversely to the plaintiff in error.

There was no controversy as between the mortgagors and mortgagees as to the execution of the note and mortgage or the amount due thereon, but the sole controversy was as to whether or not the mortgage was a valid lien as against the plaintiff in error. By his answer and cross-petition he invoked the equitable jurisdiction of the court to cancel the mortgage and remove the same as a cloud upon his title. The action, therefore, is in the nature of an equitable one, and this court has the right to review and weigh the evidence. *Maas et al. v. Dunmyer*, 21 Okla. 434, 96 Pac. 591; *Schock v. Fish*, 45 Okla. 12, 144 Pac. 534; *Wimberly v. Winstock et al.*, 46 Okla. 645, 149 Pac. 238; *Tucker v. Thraves*,' 45 Okla. 209, 151 Pac. 598. With this rule in view, we have carefully examined the entire record, and on consideration of the same we are of the opinion that the judgment of the trial court is correct, and should not be disturbed.

Plaintiff in error also complains of the introduction of certain testimony over his objection, but an examination of the record in this respect leads us to the conclusion that the court did not commit prejudicial error in permitting the evidence complained of to be introduced.

From an examination of the entire record we are of the opinion that the judgment of the trial court in favor of the defendants in error Frost & Saddler, foreclosing their mortgage, should be affirmed, but that that portion of the judgment in favor of defendant in error Dyer,

canceling the deed made by him and his wife to the plaintiff in error, Rollow, should be reversed and remanded.

By the Court: It is so ordered.