## MASTON v. CHANDLER BUILDING & LOAN ASS'N.

No. 6603—Opinion Filed April 25, 1916.

Rehearing Denied May 16, 1916.

(157 Pac. 366.)

**1. Judgment — Vacation—Statutory Provisions.**

After the final adjournment of the term of court at which a final judgment is rendered, to give the court further jurisdiction to vacate such judgment, a substantial compliance with sections 5267-5269, Rev. Laws 1910, must be shown.

**2. Same—Petition.**

A petition which does not describe the judgment sought to be vacated, and is not verified, does not comply with the requirements of section 5269, Rev. Laws 1910.

**3. Same—Motion.**

Motion to vacate the judgment filed in this cause carefully examined, and held not to be sufficient to authorize the judgment to be vacated.

(Syllabus by Collier, C.)

Error from District Court, Lincoln County; Wade S. Stanfield, Assigned Judge.

Action by the Chandler Building & Loan Association against W. H. Maston. Judgment for plaintiff, and defendant brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

F. A. Rittenhouse, for defendant in error.

Opinion by COLLIER, C. This action was brought by the defendant in error, hereinafter called plaintiff, against W. H. Maston et al., hereinafter called defendants, to recover upon a note and to foreclose a mortgage given to secure the said note. On the 29th day of May, 1913, upon trial of the cause, judgment was rendered against a part of the defendants in said cause including the said W. H. Maston, and the cause continued as to the other defendants, and on the 30th day of June, 1913, judgment was rendered against the other defendants in said cause. On January 10, 1914, the said W. H. Maston filed a motion to vacate the said judgment rendered, which motion is not verified, nor does it set forth the judgment sought to be set aside. On the 3d day of February, upon the hearing of said motion, the court overruled said motion to vacate said judgment, to which ruling and order said defendant duly excepted. From the said judgment of the court overruling said motion this appeal is prosecuted. There are three errors assigned, which, in effect, are but one: "That the court erred in overruling the motion of plaintiff in error to vacate judgment."

The trial court has a wide and extended discretion in vacating judgments when he does so at the same term at which such judgment is rendered, but after a final decree has been rendered and the term expires, there must be substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same. McAdams v. Latham, 21 Okla. 511, 96 Pac. 584.

Section 5268, Rev. Laws 1910, provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

It therefore appears that by motion, mistakes, or omissions of the clerk or irregularities in obtaining the judgment can be corrected or the same vacated because of its rendition before the action stood regularly for trial, and it is provided that the motion to vacate the judgment because of its rendition before it regularly stands for trial can be made only in the first three days of the succeeding term.

The motion in the instant case does not seek to correct mistakes or omissions of the clerk or irregularities in obtaining a judgment, and as it was not made within three days of the next succeeding term of the court rendering the judgment after the judgment was rendered, the question as to whether or not the judgment was rendered before the case regularly stood for trial cannot be considered, and therefore the motion is without merit.

Section 5269 provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight, and nine, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

If the motion can be treated as the petition required by said section 5269, which we do not hold, and the appearance of the opposite party held to be a waiver of the summons provided by said section, the said motion is insufficient as such petition, for the reason that it fails to set forth the judgment or order sought to be vacated and is not verified: hence there is not a substantial compliance with the terms of the statute.

"After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same." McKee v. Howard, 38 Okla. 422, 134 Pac. 44; McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Jenkins v. Brown, 46 Okla. 132, 148 Pac. 697.

It follows that the court did not err in overruling the motion to vacate the judgment rendered, and this cause should be affirmed.

By the Court: It is so ordered.