**FARMERS' HARDWARE & IMPLEMENT CO. et al. v. PARLIN & ORENDORFF CO. et al.**

No. 6865—Opinion Filed June 11, 1918.

Rehearing Denied Dec. 31, 1918.

(176 Pac. 888.)

(Syllabus.)

**Receivers—Approval of Final Report—Motion to Set Aside—Statute.**

Where, more than nine years after an order was made approving the final report of a receiver, a motion is filed to set aside said order on the ground that the receiver had fraudulently failed to account for certain assets which came into his hands, which motion does not comply with section 5269, Rev. Laws 1910, held, that the trial court did not err in denying said motion.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Application by the Farmers' Hardware & Implement Company and another against the Parlin & Orendorff Company and W. W. Storm, receiver, for the vacation of an order approving the final report of the receiver. Motion overruled and movant brings error. Affirmed.

Fred Ptak, for plaintiffs in error.

Keaton, Wells & Johnston, for defendant in error Storm.

HARDY, J. The Farmers' Hardware & Implement Company and S. S. Price bring error from an order overruling an amended motion to vacate an order theretofore made approving final report of W. W. Storm as receiver in this case. The Farmers' Hardware & Implement Company was a corporation organized and existing under and by **virtue of** the laws of Oklahoma Territory, and S. S. Price was president of said corporation and owned the entire capital stock. W. W. Storm was appointed receiver of said corporation, and thereafter as such receiver came into possession of certain of its assets which were disbursed by him. On March 20, 1900, a report was filed which purported to be a complete and final report, wherein was set out in detail all the transactions of the receiver with reference to trust property. This report disappeared from the files and records of the court and could not be found for a considerable period of time. July 17, 1903, a supplemental report, which purported to be a summary of the final report previously filed, was presented to the court and confirmed, to which action of the court exceptions were taken at the time. In this report the receiver prayed that he be discharged. The order of confirmation was made in August, 1903. On May 31, 1913, more than nine years later, motion was filed asking that the receiver be required to file a new and final report. Answer to this application was made by the receiver setting forth the foregoing facts, and thereafter motion was filed to set aside the order approving final report of the receiver. This motion was attacked by motion to strike same from the files. Upon a hearing of the motion to strike, plaintiffs in error filed the amended motion to set aside the order of confirmation, which, on March 31, 1914, was denied, from which ruling the appeal herein is taken.

The order approving the final report of the receiver which it is sought to have set aside was the final order made in the original proceeding, and, while it does not contain an express recital that the receiver was discharged, the report shows a final disposition of the affairs of the receivership and was evidently regarded by the receiver and by all the parties litigant, as well as by the court, as a final disposition of the entire case.

Exceptions were taken to the order at the time of its rendition, but no appeal was prosecuted therefrom.

The ground upon which it is sought to vacate the order is fraud of the receiver in failing to include within his report assets with which it is contended he should be charged. By section 5269, Rev. Laws 1910, it is provided that the proceedings to vacate or modify a judgment or order upon such ground shall be by petition verified by affidavit setting forth the judgment or order sought to be vacated, the grounds to vacate or modify, and that upon the filing of such petition a summons shall issue and be served as in the commencement of an action.

The motion in this case is insufficient to comply with the requirements of this section, in that it fails to set forth the order sought to be vacated and is not verified; neither was there any summons issued and served as required. This being true, the motion to vacate and set aside the order was properly denied. In McAdams v. Latham, 21 Okla. 511, 96 Pac. 584, it was said:

"The trial courts, after judgments or decrees or orders have once become final, and the term at which the same was rendered or entered has expired, should be very slow to vacate such judgments, decrees, or orders, especially when the party seeking such action has failed to avail himself of the right to have such action reviewed by the appellate court. Such judgments, decrees, or orders should never be vacated, except where the party seeking such vacation has complied substantially with the provisions of the law provided for the same." McKee v. Howard et al., 38 Okla. 422, 134 Pac. 44; Mastson v. Chandler Building & Loan Ass'n, 61 Okla. 230, 157 Pac. 366; Jenkins v. Brown, 46 Okla. 132, 148 Pac. 697; Philip Carey Co. v. Vickers, 53 Okla. 569, 157 Pac. 299.

The judgment is affirmed.

All the Justices concur.