## STOUT v. STOUT.

No. 28034. March 29, 1938.

Rehearing Denied April 26, 1938.

Gaylord R. Wilcox, for plaintiff in error.

Saunders & Carpenter, for defendant in error.

BAYLESS, V. C. J. This is an appeal from the superior court of Seminole county, and involves the marital troubles of E. S. Stout and Josie A. Stout.

In order to have a complete understanding of the difficulties existing between these parties and to comprehend the arguments which the parties make, we give this short statement of facts. These parties first married about 30 years ago. After being married long enough to rear children to maturity, the wife procured a divorce in Oklahoma in order that she could marry another man. To circumvent the delay prescribed by the Oklahoma Statutes for remarriage, she remarried in Arkansas within a few days and lived there for several years. For reasons best known to her, she arranged with Stout to divorce her Arkansas husband and to remarry Stout. In pursuance of this plan she returned to Oklahoma and procured a divorce in the district court of Creek county. The parties, being mindful of the six months' waiting period for remarriage, agreed to form an extralegal marriage during this period, and to have a legal ceremonial marriage after six months from the date of the divorce. They began living together two days after the Sapulpa divorce. More than six months elapsed, but Stout seemed reluctant to have the ceremonial marriage, and none was made. However, much discord ensued. Stout took the first step by filing an action against her. describing her as a legal stranger, to enjoin her from molesting or annoying him. Without paying further attention to this action, we pass to the action which the woman filed for separate maintenance. This was in the district court of Seminole county. The judgment in the action was in favor of the woman, decreeing that the parties were common-law husband and wife, and ordering the husband to separately maintain her. No appeal was taken, and the judgment is final. The date of the judgment is July 17, 1935. February 12, 1936, the husband filed the present action, seeking an absolute divorce upon general allegations of cruelty consisting of threats against his life, threats to destroy his property, all threats against his job, all to his mental and physical injury. Other grounds for divorce were also alleged, but they play no part in the judgment. The answer of the wife consisted of a general denial, and special defenses of res judicata and estoppel by judgment, by virtue of the judgment in the separate maintenance action. Upon trial judgment was rendered for the husband granting him an absolute divorce. The wife appeals.

She argues three propositions, the first of which reads:

"Did the superior court of Seminole county, Okla., acquire jurisdiction of either the person of the plaintiff in error or the subject matter of the action under the provisions of section 678 of the Oklahoma Statutes of 1931, without the defendant in error first alleging in his petition for divorce in the superior court a cause of action accruing to him after the date of final judgment in the district court, or was the plaintiff in error's motions to dismiss, or her demurrer upon jurisdiction grounds good, or was her plea of res adjudicata and estoppel by judgment good?"

The basis of her argument under this proposition is, since the district court, a court of general jurisdiction and having jurisdiction of divorce actions, had theretofore acquired jurisdiction of the parties in the separate maintenance action; and since by statutes such an action could be broadened into a divorce action by the parties; and, since such an action was to be tried in essentially the same manner as a divorce action; and, since the defense could be the same as in a divorce action—ergo, the husband having failed to assert his existing grounds for divorce in that action, he is now barred or estopped to seek a divorce upon any ground then existing.

The statute authorizing actions for separate maintenance is section 678, O. S. 1931, and it reads:

"The wife or husband may obtain alimony from the other without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. Either may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the other in such action."

To adopt the wife's argument is to construe this statute in a more narrow manner as to a defendant in such actions than as to the plaintiff. By this statute the grounds for divorce and the grounds for alimony without divorce (generally called separate maintenance) are the same. Therefore, at the outset of such an action the

492

plaintiff has alternative remedies. Since divorce is more drastic and dissolves the marriage contract (sec. 673, O. S. 1931), no·cause of action exists after a decree of divorce, for alimony without divorce. On the contrary, since alimony without divorce is a temporary status (Anderson v. Anderson, 140 Okla. 168, 282 P. 335), a judgment for separate maintenance does not bar a later action for divorce (Williams v. Williams, 103 Okla. 194, 229 P. 797; Lewis v. Lewis, 39 Okla. 407, 135 P. 397, and other cases). No authorities are cited holding that an action for separate maintenance constitutes an election of remedies on the part of the plaintiff and a bar to a later action for absolute divorce. It therefore follows that the defendant in such an action should not be placed in a worse position.

The wife argues that the last sentence of section 678, supra, reading: "Either may make the same defense to such action as he might to an action for a divorce, and may, for a sufficient cause, obtain a divorce from the other in such an action," should read: "Either must make the same· defense * * * and must, for a sufficient cause, obtain a divorce. * * *" In view of the fact that the remedies of divorce and separate maintenance are optional to either or both of the parties, we cannot conceive any logical reason for holding that the statute should be construed to read "may" as "must." To do ·so destroys the option which the Legislature undoubtedly had in mind in authorizing such actions.

We are of the opinion that ·the superior court had jurisdiction of the subject matter ·of the action and of the parties thereto, and that Stout was neither barred nor estopped ˎ by the judgment in ¯the separate maintenance action.

The wife's second proposition is᛫:

"* * * The court committed error in admitting over our objections in evidence, any testimony of any act of cruel treatment after July 17, 1935."

The wife in her brief, as a premise for the argument on this proposition, makes the following argument:

"We contend under this consolidated assignment of error the court should not have admitted in evidence, or permitted the plaintiff to introduce any testimony on cruel treatment occurring after July 17, 1935, for the reason that plaintiff's petition had no allegation of any kind or character of any act of misconduct on behalf of ·the defendant after the date of the judgment in the district court; that the defendant had a right as a matter of law to rely upon the express allegations of the plaintiff's petition and did so rely, and when the plaintiff upon the trial of the cause stated to the court that they did. not and would not tender any testimony with reference to any allegations of plaintiff's petition occurring prior to said date, defendant was taken by surprise and was not prepared to meet the new issue."

. We have examined the plaintiff's petition, and we are unable to see how the wife can advance this argument. We ·quote from the petition:

"Plaintiff further states that from the beginning of the marital relationship of the plaintiff and defendant as common-law man and wife, and at all times during this period the defendant has been guilty of extreme cruelty toward the plaintiff and that said defendant has continuously cursed the plaintiff during this time, and has applied vile and opprobrious epithets towards this plaintiff, both in private and in public."

The allegation with reference to the period·of time during which the wife was guilty of cruelty is "from the beginning of the marital relationship of the plaintiff and defendant, as common-law man and wife, and at all times during this period. * * *" Since it is alleged that this course of conduct began with the commencement of the marriage and continued at all times during it, it is difficult to follow the wife's argument that the period following July 17, 1935, the date of the judgment in the separate maintenance action, is not included therein. This judgment did not end the common-law marriage in the sense of dissolving it or releasing the parties from the obligations assumed thereunder, except cohabitation. In fact. this judgment was the legal establishment of such· a marriage, that is, it settled the controversy whether there was a common-law marriage. Such common-law marriage continued until the date of the divorce in this action. It seems to us that this allegation is ample to cover the period beginning July 17, 1935.

The third proposition reads:

"Under all the evidence in this case with reference to acts of cruel treatment after the 17th day of July, 1935, it is an admitted fact that this plaintiff in error never lived with or cohabited with the defendant in error after the 23rd day of April. 1935, and does not, therefore. as a matter of law, constitute cruel treatment."

The argument hereunder is in the nature of a demurrer to the evidence. The wife

does not admit the truthfulness of plaintiff's evidence, but she does say, in a manner, that it is insufficient as a matter of law to establish cruelty as a ground for divorce under our statutes.

Plaintiff and three witnesses testified on his behalf. Plaintiff testified that defendant so operated and maneuvered her automobile as to force his automobile against the curb, and having thus brought his automobile to a standstill, she came to his car and verbally abused him. He is corroborated in this by one witness. He further testified that she pursued a course of tongue lashing and vituperation toward him, and he was forced to seek the intervention of the chief of police to prevent his wife so abusing him in public. He is corroborated in this by the chief of police. He further testified that she drew a gun from her purse and threatened his life with it. He is corroborated in this to some extent by a woman acquaintance of the wife, who testified that she (the wife) told her she was looking for the husband and had a gun to use on him, or language to that effect. It is difficult to tell from all of the evidence whether all of the incidents occurred subsequent to July 17, 1935, but it was the purpose of plaintiff's attorney to place these incidents after that date. The wife denied virtually all of them, although she did admit accosting the husband and demanding that he comply with the directions of the judgment allowing her alimony.

There is argument that all of this was one incident only, and that a single act of cruelty is not sufficient to constitute cause for a divorce. This is the general rule. 19 C. J. 46, sec. 82. But there is a well-recognized exception to this rule, and that is, a single act of cruelty of sufficient gravity as to justify a divorce.

The wife relies upon our opinion in the case of Beach v. Beach, 4 Okla. 359, 46 P. 514, as authority for the rule that cruelty consisting of verbal abuse and other forms of mental cruelty not accompanied by physical assault or abuse, occurring after the separation, is not ground for divorce, because such cruelty does not put an end to cohabitation, nor render cohabitation intolerable. Therefore, she contends that it matters not how much she abuses the husband verbally after they separate, it is not cruelty sufficient for a divorce under the Beach Case.

Without pausing to discuss the rule announced in that case, we think it is wholly inapplicable to this case. Here the verbal assaults were accompanied by acts of physical violence. The act of using one's moving automobile to such advantage that another is forced to drive his automobile into a curb, as a preliminary to verbally abusing the driver of the other car, constitutes physical violence in our opinion. Producing a pistol and threatening to use it as a means of enforcing an argument constitutes more than mere mental cruelty. We think the evidence amply sustains the judgment.

Judgment affirmed.

RILEY, PHELPS, CORN, and HURST, JJ., concur.