Ex parte FREAR.
FREAR v. KELSO.

No. 30176.   Dec. 2, 1941.

*119 P. 2d 854.*

Frank Hickman, of Tulsa, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

BAYLESS, J. F. L. Frear, the natural father of James E. Frear, a minor, petitioned the district court of Creek county, Okla., for a writ of habeas corpus directed to R. E. Kelso and Hubert Morgan, respecting the custody of said minor child. The writ issued, and after hearing the petition and the response thereto, the district court held it was without authority to grant the writ and discharged the writ. The father appeals.

We consider the one issue of law, Did the district court of Creek county have jurisdiction to make a valid order respecting the custody of the child?

The record discloses that this child was about nine years old at the time of this hearing; that his father and mother were divorced when he was but a few months old, and the mother given his custody; that the father and mother each remarried and the mother died in the year 1939. Thereafter, R. E. Kelso, the maternal grandfather of the boy, filed a petition in the county court of Creek county for the appointment of himself as guardian of the person and the estate of the boy. The father had notice of the hearing on this petition and appeared at the hearing and contested with the grandfather the issue of who should be appointed guardian of his son. The county court of Creek county entered an order appointing the grandfather guardian of the person and estate of the minor, and no appeal was taken from this order.

The trial court was of the opinion that the guardianship proceedings in the county court gave the county court of Creek county exclusive jurisdiction of the issue of the care and custody of the minor boy.

The plaintiff in error insists that the district court of Creek county has juris-

diction to enter the order with respect to the care and custody of this minor boy, since it acquired that jurisdiction by virtue of the divorce action between the father and mother and by virtue of section 671, O. S. 1931, 12 O.S.A. § 1277, and cites in support of this contention Sango v. Sango, 121 Okla. 283, 249 P. 925; Newberry v. Newberry, 147 Okla. 249, 296 P. 202, and other Oklahoma cases.

The defendant in error discusses the cases cited by plaintiff in error, including Ex parte Fortune, 175 Okla. 514, 53 P. 2d 1100, and insists that these cases do not sustain the contention made by plaintiff in error.

Neither of the parties has cited or discussed our decision in the case of Spurrier v. Spurrier, 111 Okla. 242, 238 P. 956. This case is the only decision by this court wherein we have undertaken to discuss the powers of the district court under our statutes, sections 671, O. S. 1931, 12 O.S.A. § 1277; 705, O. S. 1931, 12 O.S.A. § 1354; 1700, O. S. 1931, 10 O.S.A. § 21, to make orders respecting the care and custody of a minor child when a county court has also undertaken to exercise this power as a part of its constitutional jurisdiction, article 7, sec. 13, Const. Okla., under the statutes enacted in conformity therewith. In that case a duly appointed guardian sought a writ of habeas corpus for the custody of the minors from one who detained the custody of the minors from the guardian, and the respondents resisted and petitioned the district court to inquire into the fitness of the guardian to have the care, custody, and control of the minors and to make an order giving them the custody of the minors. In the decision we pointed out that the jurisdiction of our county courts in the matter of the guardianship of the persons and estates of minors is exclusive, and that the district courts of this state have no power or authority in the exercise of the power of habeas corpus to inquire into the correctness of orders respecting the discretion exercised. Other adequate legal remedies are available.

Of course, it must be remembered in this matter that the district court of Creek county originally acquired jurisdiction to make orders respecting the custody of this child as a part of the exercise of its power to grant divorce. Section 671, O. S. 1931, 12 O.S.A. § 1277. It exercised this power and this was a continuing power under our statutes and decisions. However, the plaintiff in error points out that the death of the mother probably put an end to his right to apply in the divorce action because there was no longer an adverse party. Plaintiff in error insists that habeas corpus was the only remedy left by which the district court could continue to exercise this power. There is a general grant of power to issue writ of habeas corpus in favor of parents, guardians, masters, husbands, and wives in section 705, O. S. 1931, 12 O.S.A. § 1354. While this power must be recognized in proper cases, we think that where a county court in this state has undertaken to exercise the power granted to it by the Constitution and statutes with respect to guardianship, and has entered an order appointing a guardian for a person and estate of a minor, the district courts are without power under the statutes cited to issue writs of habeas corpus to inquire into the correctness of the order or to interfere therewith.

If the father had applied to the district court before the county court was asked to appoint a guardian, a different issue would be presented. However, he did not do so, but submitted himself to the county court and did not appeal from its order. The county court's order appointing the guardian was in pursuance of a power exclusively given to it, and its order of appointment amounted to a judgment that was appealable, and not having been appealed from, is final; and only the county court has power to vacate it.

We are therefore of the opinion that the district court of Creek county cor-

rectly held, on the record before it, that it had not authority to grant the writ sought.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, and ARNOLD, JJ., concur. RILEY, OSBORN, and DAVISON, JJ., absent.