McMULLEN v. McMULLEN.

No. 30705. March 16, 1943.

Rehearing Denied April 6, 1943.

*135 P. 2d 482.*

J. Hugh Nolen, and Martin L. Frerichs, both of Okemah, for plaintiff in error.

John A. Cochran and C. T. Huddleston, both of Okemah, for defendant in error.

ARNOLD, J. Eula Lee McMullen, plaintiff in error, hereinafter referred to as plaintiff, on June 3, 1941, filed an action against J. L. McMullen, defendant in error, hereinafter referred to as defendant, for alimony without divorce and custody of their minor child.

The defendant filed an answer and cross-petition wherein he sought a divorce, division of property, and custody of the minor child. As grounds for divorce he alleged that the plaintiff had been guilty of gross neglect of duty in that she had refused to live in their home or to live with him; that she

stated that she was going to get a job; that she interfered with the operation of his business; that she talked to him in a crabbed and insolent manner; that she objected to his buying clothes for his daughter by a former marriage.

The cause came on regularly for trial. After hearing the evidence the trial court, on June 21, 1941, rendered judgment in favor of the plaintiff, granting her separate maintenance, custody of the child, and possession of the home. In its decree the court found that the defendant was not entitled to a divorce and denied him a divorce.

Thereafter, on July 3, 1941, the defendant filed a motion (unverified) to modify and vacate the judgment hereinbefore referred to and grant him custody of the child, reduce the maintenance payments on account of his financial inability to pay, allow him to live in the home and require provision by the mother for his visitation with the child if custody should be allowed to remain in the mother.

After hearing on this motion on July 19, 1941, the following minute of the court was entered in said cause:

"Plaintiff present in person and by counsel, Ratterree and Nolen; defendant present in person and by counsel, C. T. Huddleston. Motion to modify and vacate previous order made, heard and overruled. Three witnesses sworn."

Then, on July 26, 1941, which was after term, the defendant filed what was designated by him a motion (unverified). Therein he moved the court to reopen the case and grant him an absolute divorce, reduce the alimony and child support, make a division of property and grant him custody of the child. In support thereof he alleged that since the original hearing the plaintiff had violated the orders of the court; that she had accused him of infidelity and had continuously spied upon him and interfered with his business; that she had written letters to his creditors causing him embarrassment and humiliation and had caused his creditors to threaten to cut off his credit; that

she had taken the child out of the jurisdiction of the court without consent, and had, in violation of the custody order, refused to let the defendant see the child; that she had refused to discuss a reconciliation; that she had slandered his reputation in public, causing him great humiliation and embarrassment; all of which he alleged constituted gross neglect of duty and cruelty; that he was able and willing to take care of the child. He concluded with a prayer for division of property, custody of the child, and a divorce.

The plaintiff filed nothing in reply or answer to this motion, which must be treated as a petition.

On August 2, 1941, all parties being present, the case proceeded to trial on his "so-called" motion. The defendant stood upon the testimony previously taken in support of his previous motion to vacate or modify; the plaintiff made no objection to this procedure. The trial court, upon consideration of such testimony, entered the same order as to the property, alimony, and child custody as entered in the judgment on June 21, 1941. In its decree concluding this hearing the court, among other things, said:

"The court having examined the evidence heretofore introduced herein and being fully advised in the premises and on consideration thereof, finds that all the material facts set up in defendant's motion are true. The court further finds that the original order made in this case was only temporary, and that the court has jurisdiction at this time to reopen said case upon motion of either plaintiff or defendant. The court further finds that the plaintiff herein has violated the court's orders and has been guilty of gross neglect of duty and cruelty to the said defendant and cross-petitioner; that said defendant and cross-petitioner is without fault and by reason of the acts of the plaintiff and the fault of the plaintiff, the defendant and cross-petitioner is entitled to a decree of divorce as prayed for."

The appeal is by transcript and presents the single issue of whether the court had jurisdiction to render the decree of divorce.

The plaintiff contends that the judgment of June 21, 1941, was a final judgment, and had to be vacated in the manner provided by 12 O. S. 1941 § 1031 before the court could render a decree of divorce. In support of the contention so made plaintiff cites McAdams v. Latham, 21 Okla. 511, 96 P. 584; McKee v. Howard, 38 Okla. 422, 134 P. 44; Hawkins v. Hawkins, 52 Okla. 786, 153 P. 844; Merrell v. Merrell, 67 Okla. 285, 170 P. 1155; and Friedman v. Friedman, 132 Okla. 45, 269 P. 257. These cases are authority for the rule that final judgment may be vacated after term only in the manner provided by the statute, supra. However, they are not applicable in this case.

The action of plaintiff was one for alimony without a divorce, and the judgment of June 21, 1941, was one which, as to her, granted the relief thus sought. It is well settled that a judgment for alimony without divorce is wholly temporary. See Stout v. Stout, 182 Okla. 490, 78 P. 2d 665; Anderson v. Anderson, 140 Okla. 168, 282 P. 335; and that such judgment does not bar a later judgment of divorce. Stout v. Stout, supra; Williams v. Williams, 103 Okla. 194, 229 P. 797; Lewis v. Lewis, 39 Okla. 407, 135 P. 397. It was unnecessary to set same aside before proceeding to hear the application of defendant for divorce.

This appeal being by transcript, only errors appearing upon the face of the record may be reviewed. It is apparent from the record that the trial court had jurisdiction of the parties. As hereinbefore pointed out, after the adjudication by the court decreeing separate maintenance to the plaintiff and denying a divorce to the defendant, the defendant filed what he styled a motion in which he alleged conduct on the part of the plaintiff occurring after the former adjudication which, if established by proof, would show the plaintiff guilty of extreme cruelty and would be sufficient to authorize the granting of a divorce on these grounds. The evidence to support same was irregularly submitted, but there was no objection made to the form in which it was submitted.

The presumption is that it was sufficient to support the alleged grounds for divorce. See Protest of St. Louis-S.F. Ry. Co., 157 Okla. 131, 11 P. 2d 189.

The record presents no reversible error, and the judgment is therefore affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, J., absent.