**KIRK et al. v. GROSS.**
No. 35842.

Supreme Court of Oklahoma.
April 27, 1954.
Rehearing Denied May 18, 1954.

Fred W. Martin, Wagoner, for plaintiffs in error.

G. F. Waggoner, E. J. Broaddus, Wagoner, for defendant in error.

WELCH, Justice.

Laudis Weldon Gross filed his petition and application in the District Court of Wagoner County for a writ of habeas corpus to require Garland Kirk and Thelma Kirk to deliver to him the custody of his minor daughter Margaret Ann Gross. The Kirks filed an answer or response to the application and appeared at the trial. The trial resulted in judgment that the respond-

ents surrender the custody of the said child to the petitioner. Motion for new trial was filed and overruled.

In the motion, and the hearing thereon, it was shown that prior to commencement of the habeas corpus proceeding the respondent Garland Kirk had filed a petition with the County Court of Wagoner County seeking his appointment as guardian of the person and estate of the said minor.

In this appeal, the respondents contend that the District Court was without jurisdiction to hear said habeas corpus proceedings because of the pendency of the guardianship proceedings in county court.

In argument attention is directed to the case of Ex parte Frear, 190 Okl. 16, 119 P.2d 854, and to various expressions of this court therein.

In the Frear case an applicant for writ of habeas corpus had been a contestant in a guardianship proceeding wherein the county court had entered an order appointing a guardian for the person and estate of the minor, the subject of the habeas corpus application. In these circumstances, we held that a District Court was without power to issue the writ of habeas corpus to inquire into the correctness of the county court order or to interfere therewith, and accordingly, was without authority to exercise the power of habeas corpus with respect to said minor, as between the parties involved.

It is significant that in the instant case the county court had made no order in reference to the custody of the minor, and had not exercised its jurisdiction to determine the issues tendered by the petition for the appointment of a guardian.

The District Courts are vested with power to grant writs of habeas corpus in favor of parents, guardians and others. 12 O.S. 1951 § 1354.

The County Courts are vested with exclusive jurisdiction over guardianship proceedings, and thereunder with power to control custody of a minor. Const.Art.VII, § 13; 58 O.S. 1951 § 801.

Herein, it appears that the question of the custody of the minor and the rights of the parties relating thereto was common to the habeas corpus proceeding and the guardianship proceeding and a matter of concurrent jurisdiction in the two courts. The record reflects that the respondents filed answer to the merits of the application for writ of habeas corpus and participated in the trial of the matter without raising an objection to the proceeding on the ground of the pendency of their guardianship proceeding. It thus appears that the respondents waived or abandoned their prior selection of a forum to determine the question of custody of the minor, and accepted the District Court as a proper forum for the determination of the question. After decision and judgment in the District Court they are without right to complain of its assumption of jurisdiction on the ground that they had instituted a prior proceeding in another court, or on the basis of the pendency of another proceeding.

We have examined the entire record and find that the judgment entered is properly supported by the evidence.

The judgment is affirmed.