Willis R. Stark, Gomer Smith and Associates, Oklahoma City, for petitioners and intervenors.

Ivy, Ivy & Ivy, Waurika, for respondents.

**In the Matter of the Application for a Writ of Habeas Corpus of Joe Ann BOYD, a Minor.**

**No. 35571.**

Supreme Court of Oklahoma.

Sept. 21, 1954.

WELCH, Justice.

On January 8, 1952, Julia Goodwin filed an application for writ of habeas corpus seeking the custody of Joe Ann Boyd, a minor. She alleged therein that she was appointed guardian of the person and estate of said minor December 7, 1951. On February 13, 1952, J. F. George and Mrs. J. F. George, respondents, filed their answer in the proceeding. On February 14, 1952, James V. Boyd and Mrs. James V. Boyd filed an application to intervene and an order was entered permitting them to intervene. At the conclusion of the proceeding the court denied the application of Julia Goodwin, James V. Boyd and Mrs. James V. Boyd, and entered an order placing custody of the child in J. F. George and wife. This proceeding is brought to review this order.

The evidence discloses that Joe Ann Boyd is the daughter of James V. Boyd, Jr. and

wife. On November 24, 1951, James V. Boyd, Jr., and his wife were killed in an automobile train collision in Wynnewood, Oklahoma. At that time the child was ten months old. James V. Boyd, Jr. and his wife had left the child with the respondents, the parents of the mother of the child, and were crossing the railroad track when they were struck by a train and killed. The child has been in the custody of respondents since the death of its parents.

The case is presented in a joint petition in error by Julia Goodwin, James V. Boyd and Mrs. James V. Boyd.

It is first argued that the trial court was without jurisdiction to interfere with the custody of the guardian, Julia Goodwin. Julia Goodwin describes herself as an aunt by marriage of James V. Boyd, one of the intervenors. Petitioners cite Ex parte Frear, 190 Okl. 16, 119 P.2d 854. That case and Spurrier v. Spurrier, 111 Okl. 242, 238 P. 956, announce the rule that a district court should not entertain an action against a guardian duly appointed and having custody of a minor child.

In Ex parte Fortune, 175 Okl. 514, 53 P.2d 1100, it is stated:

"Upon the trial of a habeas corpus proceeding instituted by a guardian to obtain the custody of his ward, the issuance of letters of guardianship is not conclusive on the question of the right of a guardian to the custody of his ward; but it is the duty of the court in such a proceeding to determine the question of whether or not it will grant the guardian a writ of habeas corpus according to the best interests and the welfare of the minor. The controlling consideration, in determining a habeas corpus proceeding involving the custody of a minor, is the question of what will best promote the ward's welfare."

Julia Goodwin testified that she had never had custody of the child, and admitted that she did not seek to obtain custody of the child for herself, but was seeking to obtain custody for the intervenors, James V. Boyd and his wife, and this therefore is a contest between the paternal and maternal grandparents for the custody of the child. Both parents are dead. In such case the rule applicable is announced in Nasalroad v. Gayhart, 208 Okl. 447, 257 P.2d 299, 300. Therein it is stated:

"The awarding of the care and custody of a child in habeas corpus proceeding is within the sound discretion of the trial court and this court will not disturb the judgment on appeal unless it is clearly against the weight of the evidence."

See, also, Ex parte Sloan, 147 Okl. 164, 296 P. 398; In re Borcherding's Custody, 196 Okl. 19, 162 P.2d 184.

The evidence discloses that the child was frequently left at the home of J. F. George and his wife by its parents. J. F. George is employed by the State of Oklahoma, owns his own home where he and his wife live, and in addition to his salary from the State of Oklahoma, does carpenter work on occasion for extra money. He testified that his average monthly income is $245. A number of friends, neighbors and former neighbors testified as to the fitness of both J. F. George and his wife as custodians of a minor child. The evidence discloses that James V. Boyd is employed by a pipe line company and maintains a good position with his company. Although he has no permanent home he states that if given custody of the child it is his intention to establish a permanent residence in Texas where the child will be kept. The intervenors have never had custody of the child. It is unnecessary to make a further review of the testimony as to the fitness of either the maternal or paternal grandparents. So far as the record discloses either would be proper custodians of the child. Under the rule announced in the foregoing cases from a review of all the evidence the finding that it is for the best interests of the child that it be placed in the permanent custody of J. F. George and his wife will not be disturbed.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.