Carl F. WILKERSON, Plaintiff in Error,

v.

Norma L. DAVILA, Defendant in Error.

No. 38567.

Supreme Court of Oklahoma.

March 8, 1960.

As Amended on Denial of Rehearing
April 12, 1960.

Embry, Crowe, Tolbert, Boxley & Johnson, by Wm. J. Holloway, Jr., Oklahoma City, for plaintiff in error.

Cargill, Cargill & Chiaf, by O. A. Cargill, Jr., and James R. Eagleton, Oklahoma City, for defendant in error.

WILLIAMS, Vice Chief Justice.

Carl F. Wilkerson, plaintiff in error, hereinafter referred to as petitioner, brought this habeas corpus proceeding against Norma Wilkerson Davila, defendant in error, hereinafter referred to as respondent, to enforce provisions of an Arizona court decree awarding him partial custody of the two minor sons of the parties.

Respondent, then a resident of the State of Arizona, filed an action for divorce against petitioner in March, 1955, in Pima County of said state. A short reconciliation was effected, after which respondent left petitioner, who at that time was stationed in Georgia, and returned to Arizona. Respondent obtained a default judgment in the pending divorce action on April 12, 1956. The divorce decree awarded respondent complete custody of the two minor sons. In August, 1957, respondent, having remarried, petitioned the Arizona court to change the names of these minors from Wilkerson to Davila.

In October, 1957, petitioner was transferred to a station in Arizona. Petitioner, on December 6, 1957, filed a petition in the divorce action to modify the divorce decree so as to give him custody of these children during the summer months.

Respondent had moved to Oklahoma County, Oklahoma, bringing the children with her. She was served with notice of this hearing in accordance with the Arizona court rules. At the hearing respondent, represented by counsel, contested this service of notice. However, she did not contest the jurisdiction of the court to modify the divorce decree after her removal from the State of Arizona.

On January 14, 1958, the Superior Court of Pima County, Arizona, modified the di-

vorce decree to award petitioner custody of the two minor sons during the summer months of June, July and August. Respondent appealed from this judgment to the Supreme Court of Arizona.

On April 17, 1958, respondent brought guardianship proceedings in the County Court of Oklahoma County, Oklahoma, seeking the appointment of herself as guardian of these two children. Notice of hearing of this petition for appointment of guardian was given by posting as provided by the Oklahoma statutes. Respondent, on April 28, 1958, was appointed guardian of the persons and estates of the minor children. At no point in these proceedings did respondent inform the county court of the action pending in Arizona, or of the divided custody.

Respondent's appeal to the Supreme Court of Arizona was dismissed by that court on September 16, 1958.

Petitioner requested respondent to send the children to visit him in Arizona during June, July and August of 1958 as provided in the Arizona decree. Respondent refused to answer his request.

Petitioner, on June 27, 1958, applied to the District Court of Oklahoma County, Oklahoma, for a writ of habeas corpus commanding respondent to produce these children in court, and that petitioner be granted custody in accordance with the amended decree. Respondent individually and as guardian, filed pleas to the jurisdiction of the court, and, individually, a general denial of the allegations contained in the petition. These pleadings do not raise issues requiring a new determination of custody.

Such district court, after a hearing on this petition, denied the writ on the ground that the county court had exclusive jurisdiction by reason of the guardianship proceedings. Petitioner appeals.

Petitioner, in seeking a reversal of this judgment, contends that the district court did have jurisdiction to issue a writ of habeas corpus and that the Arizona decree should have been observed as to petitioner's rights.

There is no question raised as to the validity of the guardianship proceedings. 30 O.S.1951 §§ 10 to 12, 58 O.S.1957 Supp. § 761. It was an ex parte proceeding, of which petitioner had no notice, and in which he made no appearance. We are of the opinion that such guardianship proceeding is not necessarily incompatible with divided custody of the parents of minors involved. The county court, in appointing the guardian, made no determination of the relative rights of these parents in regard to these children, especially the rights of visitation of their father.

■■■ The writ of habeas corpus is a common law writ directed to one person detaining a person, commanding him to produce such detained person at a designated time and place, to do, submit to and receive whatever the court shall consider in that behalf. It is a collateral remedy and is independent of the legal proceeding under which the detention is sought to be justified. It is an inquiry into the legality of the detention itself.

The applicable Oklahoma statutes are:

12 O.S.1951 § 1331: "Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to enquire into the cause of the restraint, and shall be delivered therefrom when illegal."

12 O.S.1951 § 1354: "Writ of habeas corpus shall be granted in favor of parents, guardians, masters, husbands and wives; and to enforce the rights and for the protection of infants and insane persons; and the proceedings shall, in all such cases, conform to the provisions of this article."

In construing said section 1354 in Ex parte Moulin, 203 Okl. 99, 217 P.2d 1029, 1034, we said:

"By the very wording of the statute two contingencies were outlined for its use: First, writ of habeas corpus shall be granted in favor of certain persons having designated relation-

ships. Second, the statute authorizes the use of the writ of habeas corpus to enforce the rights and for the protection of infants and insane persons. The two parts are distinct and it would be necessary to ignore the sentence construction in order to construe the statute as if it read 'Writ of habeas corpus shall be granted in favor of parents * * * to enforce the rights and for the protection of infants and insane persons.'"

Under the above quoted statutes, the writ of habeas corpus may be used to inquire into the refusal of one parent to deliver custody or possession of a child to the other parent in accordance with a decree or judgment awarding custody of the child.

In the present case, the writ of habeas corpus was requested to require the respondent to deliver the children involved herein to petitioner in accordance with the amended decree of the Arizona Court. The pleadings do not present sufficient facts to raise the issue of determining the question of custody.

The trial court denied the petition for the writ on the grounds that it did not have jurisdiction because guardianship proceedings had been instituted, by reason of which the county court had exclusive jurisdiction, citing Ex parte Spurrier (Spurrier v. Spurrier), 111 Okl. 242, 238 P. 956, and Ex parte Frear (Frear v. Kelso), 190 Okl. 16, 119 P.2d 854.

Some confusion has apparently arisen as to whether the jurisdiction of the district courts conflicts with that of the county courts over the custody of minor children.

Art VII, § 10 of the Oklahoma Constitution provides, in part, as follows:

"The District Courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, * * *. The District Courts, or any judge thereof, shall have power to issue writs of habeas corpus, * * *."

Art. VII, § 12 of the Oklahoma Constitution, is, in part, as follows:

"The County Court, co-extensive with the county, shall have original jurisdiction in all probate matters, * * *."

Art. VII, § 13 of the Constitution is, in part, as follows:

"The County Court shall have the general jurisdiction of a Probate Court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlement, partition, and distribution of the estates thereof * * *."

1 Bouv.Law Dict., Rawle's Third Revision, p. 712 defines "Court of Probate" as: "In American Law, a court which has jurisdiction of the probate of wills and regulation of the management and settlement of decedents' estates, as well as a more or less extensive control of the estates of minors and other persons who are under the especial protection of the law."

The Oklahoma Statutes deal with the powers and duties of guardians generally in Title 30 (Guardian and Ward) O.S. 1951, Section 8 thereof, reads as follows:

"A guardian of the person or property, or both, of a person residing in this State, who is a minor, or of unsound mind, may be appointed in all cases, other than those named in Section 3326 (section 6 of said title), by the county court, as provided in chapter 64. (Probate Procedure) O.S. 1951."

Chapter 14 (Guardian and Ward) of Title 58 (Probate Procedure) O.S.1951, sets out the procedure for the appointment of guardians by the county courts. Section 801 of said chapter and title provides:

"If the minor has no father or mother living competent to have the custody and care of his education, the guardian appointed shall have the same."

Under Act VII, §§ 12 and 13 of the Oklahoma Constitution and section 8 of said Title 30, the county courts have jurisdiction to appoint guardians of minors where proceedings are instituted in such courts under Title 58, chapter 14. Coupled with this grant of such jurisdiction to the county courts is the limitation on the guardian's custody of the minor if the parents, or parent, are still living.

▌ When the above constitutional and statutory provisions are considered together, it is clear that county courts do not have exclusive jurisdiction in all cases to determine custody of minor children (except dependent and delinquent minors, see 10 O.S.1951 §§ 1 to 127.9; 10 O.S.1957 Suppl.; 10 O.S.1959 Suppl. §§ 108 to 130.-9).

▌ The appointment of a guardian is an ex parte proceeding to determine the necessity for such appointment and the competency of persons to act as guardians. Ordinarily, such proceedings do not determine the relative rights of the parents to custody and visitation. Guardians appointed by the county courts, except in cases involving dependent and delinquent children, where the parents, or parent, are living, unless found to be incompetent or unfit, have only an administrative function and powers. The person so appointed is vested with legal capacity, to act for and in behalf of the minor in providing for the minor's care and support and in administering the minor's estate. A guardian does not stand in the place of the parents to ' the exclusion of the parents' natural rights, privileges and obligations. 10 O.S.1951 §§ 4 and 5. The rights of parents to enjoy the society and association of their children and the opportunity to give them affection and guidance in their rearing must be considered equally important in adjusting the

rights of custody as between parents. The rights, privileges and obligations of parenthood should not be abrogated by a court in an ex parte administrative proceeding.

Respondent cites Ex parte Spurrier (Spurrier v. Spurrier), 111 Okl. 242, 238 P. 956; Ex parte Frear (Frear v. Kelso), 190 Okl. 16, 119 P.2d 854; In re guardianship of Hight, 194 Okl. 214, 148 P.2d 475; Grose v. Romero, 200 Okl. 330, 193 P.2d 1014, and In re Boyd, Okl., 274 P.2d 399, as authority sustaining the trial court's ruling. These are not cases in which custody of children as between parents was involved, but were contests between parents and/or guardians and other persons, one or both parents being deceased. In such cases, where the county court in appointing a guardian determines that the surviving parent, in the interests of the child, should not be appointed guardian and have custody of the minor, the district courts, in a habeas corpus proceeding, do not have jurisdiction to review the action of the county court on the merits of the case.

In a case involving a parent's right to custody of a child for whom a guardian had been appointed, Breckenridge v. Breckenridge, 103 Okl. 261, 229 P. 774, we held:

"The appointment of a guardian by a county court is not conclusive as against the parents' right as to the custody of their child, unless it appears that they had notice of the proceedings, and that the question of their incompetency and suitability was adjudicated."

▌▌ In view of the foregoing, we hold that a county court, except in cases involving delinquent or dependent children, (see 10 O.S.1951 §§ 101 to 127.9; 10 O.S.1957 Suppl. §§ 108 to 130.9) does not have jurisdiction to extinguish the rights of parents to custody of their minor children without notice to such parents unless they voluntarily appear in the proceeding. The district court erred in refusing to hear

petitioner's application for a writ of habeas corpus on the grounds it did not have jurisdiction.

Respondent further contends that the Arizona amended decree is not binding upon the courts of this state in a habeas corpus proceeding.

Article 4, § 1 of the Constitution of the United States provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State * * *."

█ The prevailing rule is that, except as fraud or want of jurisdiction may affect their validity, custody provisions of a divorce decree are to be given full effect in other states as to the rights to custody when the decree was rendered. See 20 A.L.R. 815; 72 A.L.R. 441; 116 A.L.R. 1299, and 160 A.L.R. 400. We followed this majority rule in Remick v. Remick, 204 Okl. 345, 229 P.2d 600; Ex parte Miller, 201 Okl. 499, 207 P.2d 290. No opinion of the Supreme Court of the United States passing on this question has come to our attention. Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008.

Respondent cites In re McMenamin, Okl., 277 P.2d 120, and other cases in which we have held:

"A judgment of a sister state in a divorce proceeding giving the mother custody of a minor daughter, is not, under the full faith and credit clause of the Federal Constitution, binding in a habeas corpus proceeding upon the courts of this State, to which the child and mother removed and where they have taken up their domicile. In such cases the paramount consideration is the welfare of the child."

This statement or rule is not contrary to the rule according full faith and credit to decrees awarding custody in other states. In Ex parte Miller, supra, we said:

"We have also held that judgment of a court of a sister state awarding the custody of a child will be sustained by the courts of this state, unless it is shown that the conditions affecting the welfare of the child have changed since the judgment of the court of a sister state, and that the child is lawfully domiciled within this state. Chapman v. Walker, 144 Okl. 83, 289 P. 740." [201 Okl. 499, 207 P.2d 291.]

█ In the present case, petitioner is seeking to protect his rights of visitation or partial custody, which were determined by Arizona court, after a hearing in which respondent appeared by counsel, and was contested by her. Although the courts of Oklahoma by reason of the residence of these minors, have jurisdiction to re-determine the question of custody, this jurisdiction was not invoked by respondent's pleading. The Arizona decree, absent such pleading and proper showing, would be conclusive and determinative as to the parties on the question of custody and should be given full faith and credit.

Whether the custody of these children should be changed or modified is a question to be determined by a court of competent jurisdiction, and not by the respondent either as a guardian or as their mother. Her detention of these children is in violation of the Arizona decree awarding petitioner visitation rights during the summer months, absent pleading and showing by respondent that her having them all the time (and without petitioner having rights of visitation) would be for the best interest and welfare of the children. Under the circumstances, writ should have been granted.

Reversed with directions to proceed in a manner not inconsistent herewith.