**Paul CLARK, Plaintiff in Error,**

**v.**

**Fern A. CLARK, Defendant in Error.**

**No. 39000.**

Supreme Court of Oklahoma.

April 11, 1961.

John B. Doolin, Alva, for plaintiff in error.

Sparks & Boatman, Woodward, for defendant in error.

DAVISON, Justice.

Fern A. Clark, hereinafter called plaintiff, filed an action for separate maintenance and alimony under 12 O.S.1951 § 1284, against Paul Clark, hereinafter called defendant. The petition was amended to seek divorce and a judgment was rendered for plaintiff for divorce and alimony and for custody and support of two minor children. Defendant appeals.

Plaintiff was a resident of Ellis County, Oklahoma, and defendant of Woods County, Oklahoma, when they were married in Lawton, Oklahoma, January 1, 1941, after defendant was inducted into the Army. Three children were born of the marriage, Diane Clark and Jimmie K. Clark, ages 6 and 8 years at the time of the filing of the petition. Sandra Clark, the other child, is treated as an adult and is not involved in this litigation. During the marriage the parties lived at or near various army posts outside of Oklahoma except for several years when defendant was on foreign duty and plaintiff lived in Oklahoma. At the time of the commencement of the action the defendant was a Lieutenant Colonel in the United States Army and was stationed at an army post in Virginia.

After marital difficulties the plaintiff moved to Ellis County, Oklahoma, with the children in August, 1958, and placed the two youngest children in school. Sandra returned to Virginia to reside with the defendant. In January, 1959, plaintiff and the two children went to Virginia to give the marriage another trial. It did not work out and in April, 1959, plaintiff returned to Ellis County, leaving the children in school in Virginia. In June of that year defendant came to Oklahoma with the two youngest children and proceeded alone to another state for a short tour of duty, leaving the children with the plaintiff.

On June 24, 1959, plaintiff instituted her separate maintenance action for alimony and custody and support of the two children. Summons and restraining order were issued and served upon defendant in person in Ellis County, Oklahoma. The order restrained defendant from in any way removing the two children from the jurisdiction of the court pending further order of the court. Defendant filed answer and cross-petition declaring the mental unfitness of plaintiff to have custody and asking the transfer of custody to him.

Plaintiff placed the children in school. It appears that by a pupil transfer arrangement the children, while living in Oklahoma, were transported to and from a school several miles over into Texas. On September 3, 1959, defendant picked up the children in Texas and took them to Virginia where they apparently are at this time. The next day the plaintiff, with leave of court, filed an amendment to her petition asking for a divorce. The defendant withdrew his answer and cross-petition and filed a demurrer and motion objecting to the allowance of the amendment and denying jurisdiction of the court on the ground that plaintiff had not been a bona fide resident of Oklahoma for the required six months prior to the amendment of the petition asking for a divorce.

Prior to trial the plaintiff asked that the defendant be held in contempt because of his action in taking the children. On December 15, 1959, trial was had and judgment rendered that the court had jurisdiction. Defendant then elected to stand on his demurrer. It was further adjudged that the plaintiff have a divorce, alimony, custody of the children and for their support, and further that defendant was in indirect contempt of court.

Defendant contends that the plaintiff had no right to amend her petition to ask for divorce and that the court was without authority to permit such amendment.

Our statute 12 O.S.1951 § 317, provides in part as follows:

"The Court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, * * * by inserting other allegations material to the case, * * * when such amendment *does not change substantially the claim* * * *"

■ Under our statute the causes for alimony without divorce (separate maintenance) and for divorce are the same. 12 O.S.1951 § 1284, is as follows:

The wife or husband may obtain alimony from the other without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. Either may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the other in such action."

In Stout v. Stout, 182 Okl. 490, 78 P.2d 665, in construing said statute we held a judgment for separate maintenance is not res judicata or estoppel, as to grounds for divorce then existing, against either of the parties in a subsequent action for divorce, unless it affirmatively shows on the face of the record that such issue has been actually litigated and adjudicated in the former action. See also McMullen v. McMullen, 192 Okl. 314, 135 P.2d 482.

Since, under the statute above and the decisions of this court, actions for separate maintenance and divorce are based on the same grounds, there was no substantial change in the cause of action. Neither did the amendment substantially change any defense of defendant. The trial court gave time to answer after the allowance of the amendment and no prejudice to the defendant is alleged or shown. We hold there was no error in allowing the amendment.

■ Defendant also contends the trial court was without jurisdiction to grant a divorce for the reason that plaintiff had not been a resident of Ellis County, Oklahoma, for 6 months next preceding the filing of the amendment to the petition as required by 12 O.S.Supp.1957 § 1272.

It is not disputed that plaintiff was residing in Oklahoma at the time of making such amendment. Title 12 O.S.1951 § 1286, states:

"A wife who resides in this State at the time of applying for a divorce, shall be deemed a resident of this State, though her husband resides elsewhere."

This law was adopted from Kansas and in Johnson v. Johnson, 57 Kan. 343, 46 P. 700, it was held the section gives the wife right to acquire residence in the state for the purpose of bringing action for divorce independent of the will of the husband.

It is plaintiff's counter-contention that both parties originally were residents of Oklahoma and that they at all times regarded this status as a continuing one. There is some evidence to support this contention. The trial court found that in any event the residence of plaintiff in Ellis County was established in August, 1958, when she returned there to her parents' home with the children. The testimony of plaintiff is that on that occasion her conversation with defendant was that the separation was permanent and that her intent then and later was to establish a permanent residence in Oklahoma; that her return to Virginia in January, 1959, was merely on a trial basis; and further that the parties' income tax returns for 1958, and the refund received in 1959, reflected an Oklahoma address.

■ In McElreath v. McElreath, Okl., 317 P.2d 225, 226, was stated:

"The question of domicile in an action for divorce is one of fact, to be determined from the evidence in the

case. The controlling fact to be considered is that of intention and to determine this fact the trial court, and this court on appeal, may take into consideration all the movements, transactions, and attending circumstances of the party or parties involved in the question.

"An action for divorce is one of equitable cognizance, and if the finding of the trial court as to the residence of the plaintiff in such action is not clearly against the weight of the evidence, the same will not be disturbed on appeal."

Upon consideration of the above testimony and other evidence and the quoted law, we will not disturb the finding of the lower court that plaintiff established her residence in Ellis County, Oklahoma, in August, 1958.

■ Defendant also urges that the restraining order with reference to the children was void and that the court was without jurisdiction to determine the custody of the minor children. In support of these contentions defendant argues that ordinarily the domicile of the children is that of the father and also that the removal of the children to Virginia prior to the final judgment deprived the trial court of jurisdiction.

The answer to these contentions is found in a full understanding of the status of the parties and children at and after the institution of the action. At the time of filing the suit plaintiff was a resident of Ellis County and had custody of the minor children. The summons and restraining order were served on defendant in person. No proposition of substituted service was presented or existed. The jurisdiction of the trial court embraced the marriage status (the res) and the persons of the parties and of their children. Having acquired such jurisdiction the court in either an action for separate maintenance or for divorce was, under the provisions of 12 O.S.1951 § 1276, and 12 O.S.Supp.1955 § 1277, fully authorized and in fact required to make

orders as to the control and custody of the minor children both during the pendency of the suit and by final judgment at the time of trial. Ex parte Frear (Frear v. Kelso), 190 Okl. 16, 119 P.2d 854.

The jurisdiction acquired by the trial court was a continuing one. Defendant could not deprive the court of jurisdiction over the minor children by removing them to Virginia. In 27B C.J.S. Divorce § 303 b, p. 432, it is stated:

"Once having acquired jurisdiction of the person of defendant or of the children, the removal of the children from the jurisdiction prior to the decree does not deprive the court of its jurisdiction to fix their custody. * * *"

The contentions of defendant in this respect are denied.

The final contention of defendant in effect is that he did not violate the restraining order when he picked up the children in Texas and took them to Virginia and that the judgment of contempt against him was unwarranted. Defendant argues the children were at the time out of the jurisdiction of the court and his acts were not a violation of the order as worded.

■ The order restrained the defendant "from in any way removing the minor children of the parties hereto from the jurisdiction of this court, pending further order of the court." Defendant's contention would limit jurisdiction to a matter of territorial area. Jurisdiction is the power of courts and judicial officers to take cognizance of, and hear and determine, the subject matter in controversy between the parties to a proceeding pending, and to adjust or exercise judicial power over them. Fehr v. Black Petroleum Corporation, 103 Okl. 241, 229 P. 1048. See also 21 C.J.S. Courts § 15 a, p. 29.

■ Here the jurisdiction extended to the marriage status, the persons of the parties and their children. The acts of defendant constituted a violation of the restraining order as the contempt lies in the fact and not in the place of dis-

obedience. 43 C.J.S. Injunctions § 264 a, p. 1017.

We find no error in the judgment of contempt against defendant.

Judgment of the lower court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.